**GARRISON TIE & TIMBER CO. v. PARROTT et al.   (No. 1419.)**

Court of Civil Appeals of Texas. Beaumont. March 16, 1927.

1. Reference ⟨⟩100(7)—"Auditor's unverified report" is not admissible in evidence, notwithstanding objection on that ground was not made before trial (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2125, 2126).

In action for compensation for services in purchasing ties, admission of "auditor's unverified report" over objection not made until trial *held* reversible error, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 2126, requiring exceptions to report to be filed before trial, since unverified report is not auditor's report, in view of article 2125.

2. Judgment ⟨⟩199(1)—Court cannot enter verdict non obstante veredicto, but must accept or reject as whole verdict on special issues.

Where case was submitted on special issues, court, having submitted particular issue, cannot enter judgment non obstante veredicto as to it, but must enter judgment in accordance with jury's finding as whole or else set verdict aside as whole.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

On rehearing. Former order of affirmance set aside, judgment reversed, and cause remanded.

For former opinion, see 288 S. W. 250.

S. M. Adams, of Nacogdoches, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellees.

HIGHTOWER, C. J. At a former day of the present term of this court, the judgment of the trial court in this case was affirmed. We stated in a brief opinion at that time that we affirmed the judgment because no fundamental error was apparent upon the face of the record, and because counsel for appellants had not at that time filed a brief for appellants, and, therefore, no reversible error was pointed out. In due time after we entered the order of affirmance, counsel for appellants filed in this court a motion for a rehearing and praying this court to set aside its order of affirmance and to reset the case for submission, and thereby give counsel for appellants an opportunity to brief the case. This motion was accompanied by the affidavit of counsel for appellants, and showed that the failure on the part of counsel for appellants to brief the case prior to the first submission was because of an agreement and understanding between counsel for appellant and counsel for appellee relative to the submission of the case and the filing of his brief by counsel for appellants. None of the allegations in the motion were denied by counsel for appellees, and, it appearing to this court from the motion that counsel for appellants was not at fault in failing to brief the case prior to the first submission, we granted the motion for rehearing, set aside the order of affirmance, and reset the case for submission, and counsel for both sides have filed their briefs.

The suit was filed in the district court of Nacogdoches county by the appellees, W. A. and A. R. Parrott, against appellants, Belton Lattimer and Barnette Garrison and the Garrison Tie & Timber Company, a partnership composed of Belton Lattimer and Barnette Garrison, to recover of appellants a money judgment for $8,500, with interest on that amount from June 1, 1922, at the rate of 6 per cent. per annum. For cause of action, appellees alleged, in substance, that on or about April 1, 1922, they entered into a verbal contract with appellants, by the terms of which they agreed and bound themselves to purchase throughout East Texas and the western portion of Louisiana railroad crossties of certain dimensions and weight at the lowest price for which such ties could be purchased, not to exceed, however, 23 cents per tie and the ties not to exceed in weight 100 pounds each. Appellees further alleged that appellants, under the terms of the contract, were to furnish the money to pay for the ties as they were purchased, and also the money to pay freight charges on the ties from the place where purchased to the points to which the ties were to be transported, and that ap-

pellants were to sell the ties and deduct from the proceeds of the sale all moneys paid out by appellants as the purchase price for the ties and all moneys, paid out by them as freight charges, and that appellants were to deduct and retain from the proceeds of the sale price of the ties 2 cents on each tie net to them, and that appellants were to pay to appellees any and all moneys received for the ties sold by appellants over and above what they were to deduct as the cost of the ties and freight, charges and 2 cents net to appellants as compensation to appellees for their services in purchasing the ties under the terms of the contract between them. Appellees further alleged that they entered upon the performance of the contract between them and appellants, and purchased many ties throughout East Texas and West Louisiana for appellants, in compliance with the terms of the contract, and that such ties had been received and sold by appellants, but that appellants had failed and refused to pay appellees for their services in performing the contract between the parties, as appellants had agreed to do, and that the amount due appellees under the terms of the contract was $8,500, with interest as before stated, for all which appellees prayed a recovery.

Appellants answered by general demurrer, a number of special exceptions, a general denial, and further specially pleaded other matters, a detailed statement of which is not necessary.

Shortly after the suit was filed, the trial judge, with the consent of counsel for both sides, appointed an auditor and directed him to hear evidence and state and foot up the account between appellants and appellees and to make his report to the court at his earliest convenience. In compliance with this order and direction, the auditor proceeded to state the account between the parties, and, as shown by his unverified report filed in the trial court, the appellants were indebted to appellees, $1,024.25. In a letter accompanying the unverified report, the auditor stated that there were many items of expense pertaining to the carrying out of the contract between the parties that the auditor had been unable to ascertain and state, for the reason that the books of the parties to the contract did not reflect these items of expense, such as telegraph messages, telephone messages, traveling expenses, hotel bills, etc., and that the auditor had been unable to get this data from the telegraph companies, telephone companies, hotels, etc.

The case was tried with a jury, and was submitted upon special issues, and, upon the jury's verdict as returned, judgment was entered in favor of appellees for $3,190, with interest on that amount from August 1, 1922, at the rate of 6 per cent. per annum, and, appellants' motion for a new trial having been overruled, they prosecuted this appeal.

[1] On the day the case was called for trial, but before the trial had commenced, appellants filed written exceptions to a number of the findings made by the auditor touching certain items of expense which the auditor found against appellants. These items, in the aggregate, amounted to several hundred dollars. The trial court at that time overruled the exceptions filed by appellants, and on the next day after the case had proceeded to trial, counsel for appellees offered in evidence before the jury the auditor's unverified report in its entirety, to which counsel for appellants objected at that time on the ground, principally, that the auditor's report was not verified by the auditor's oath, as required by the statute, and that it was a mere ex parte unsworn statement of the auditor, and amounted to nothing more than hearsay evidence, which objections were by the court overruled, and the auditor's unverified report introduced for the jury's consideration, and counsel for appellants saved their bill to this action, and have urged the point by proper assignment of error in this court.

Counsel for appellees met this contention by the counter proposition that the objection to the auditor's report on the ground that it was not verified as required by the statute came after the trial had commenced, and that therefore the objection was too late, and the order of verification to the report was waived by appellants. This view was accepted by the court, and the unverified report, together with the evidence pro and con touching the items in dispute between the parties, many of which there were, went to the jury for their consideration in determining the special issues submitted. We have concluded, after careful consideration of the question, that the trial court was in error in overruling the objection of appellants to the introduction in evidence of the auditor's report, based on the ground that the report was not verified. It is true that our statute (article 2126, Vernon's Sayles' Civil Statutes 1914) provides, in substance, that the report of an auditor shall be admitted in evidence, but that it may be contradicted by evidence from either party, where exceptions to such report or of any items thereof shall have been filed before the trial. Now counsel for appellees insist that, since the statute says that the exceptions to the auditor's report shall be filed before the trial, this includes the exception or objection to the report for lack of verity by the auditor, as well as the correctness or incorrectness of any item contained in the report. We do not so construe the statute. All of the decisions agree that the object in requiring the auditor's report to be excepted to before the commencement of the trial is to eliminate from the contest all items making up the account between the parties that are not specifically excepted to by one or the other of the parties, thereby narrowing the contest and inquiry down to such

items of the account between the parties as are really in dispute. But article 2125 provides that the report of the auditor shall be verified by his affidavit, and the auditor must state under oath that he has examined carefully the state of the account between the parties, and that his report as filed contains a true statement thereof, so far as the same has come to his knowledge. Without this verification required by article 2125, the auditor's report is of no higher dignity than the unsworn testimony of any witness that might be called·to the stand over the objection of a party to the suit. Such a report is not, in contemplation of the statute, an auditor's report, because it is not verified by him as an auditor appointed by the court, and, without the verification required, it is not, in fact, the report of an auditor in contemplation of the statute, and in our opinion its introduction in evidence, touching matters that are in dispute between the parties might be objected to, and was properly objected to in this instance, when the report was offered in evidence by the appellees. No effort seems to have been made to have the auditor verify his report, which he could have done at any time in the presence of the court, and thereby this matter might have been eliminated. At all events, as we construe the statute, the auditor's unverified report was not admissible over objection of appellants as to any item shown by the report, and constituted reversible error in this case.

[2] There is another contention advanced by counsel for appellants for reversal of this judgment, which is that the trial judge, in entering judgment upon the verdict as returned by the jury, wholly disregarded one of the answers made by the jury to a special issue, and we find that this contention is true. In answer to this, learned counsel for appellees suggests and undertakes to show that this action of the trial court, if erroneous, was immaterial error, because, as counsel for appellees contends, the trial judge entered such a judgment as was consistent on the whole with the jury's verdict, and that therefore appellants have no just complaint on that point. We do not understand the record in this case as supporting this contention of counsel for appellees. It is too lengthy and too much in detail for us to undertake to dwell upon it here. The court did, in fact, wholly disregard one of the material answers of the jury, which found a certain item in favor of appellants, but the trial court was of the opinion that he ought to disregard this finding of the jury on the ground that he had submitted that issue as a disputed one of fact, when, as the trial court afterwards considered it, there was no dispute on that issue If there was no dispute on that issue, of course, the court should not have submitted it for the jury's consideration, but, having

done so, and the jury having determined that issue in appellants' favor, the court could not enter judgment non obstante veredicto, as he did on that issue, but should have entered judgment in accordance with the jury's finding as a whole, or should have set the verdict aside as a whole. He could nc· ignore this material finding in favor of appellants.

We notice another matter in this record, which we construe to be an admission, in substance, by the appellees that the verdict in this case is excessive in approximately the amount of $1,000. This record reflects the fact that, after the motion for new trial was filed by appellants, counsel for appellees, in a written motion to the court, conceded or admitted, in substance, that the judgment that had been entered upon the jury's verdict was excessive in approximately the amount of $1,000, and counsel for appellees suggested to the court that they be permitted to enter a remittitur so as to obviate this matter. That course, however, was not acceptable to the court, and· the motion for the remittitur was, in effect, overruled, and judgment entered, as shown, for the full amount as returned by the jury.

For the errors indicated above, the judgment is reversed, and the cause remanded.