## VOGT v. LEE.

### No. 7506.

Court of Civil Appeals of Texas. Austin.

Nov. 5, 1930.

John P. Ehlinger, of Lagrange, and Wirtz & Weinert, of Seguin, for appellant.

J. B. Daniel, of Temple, for appellee.

BAUGH, J.

Suit by Lee against Vogt to set aside a partnership settlement made by them on

May 2, 1927, after dissolution of their partnership business as of December 31, 1926, on alleged grounds of fraud by Vogt, and for damages. The case was tried to the court without a jury and judgment rendered in favor of Lee for $1,056.96, from which Vogt has appealed.

Lee and Vogt had for many years prior to December 31, 1926, been partners in the sales agency of Chevrolet automobiles, Lee conducting such agency at Flatonia, Tex., and Vogt conducting same at Schulenburg, .Tex. Vogt was active manager of the partnership and kept all books and accounts of the business at Schulenburg. When the dissolution was agreed upon, the settlement was based chiefly upon statements furnished by Vogt to Lee purporting to reflect the condition of such partnership business as shown by the books. Lee alleged a fiduciary relationship between him and Vogt; charged that such statements were false and fraudulent in part; that he relied upon Vogt and the information so furnished; that same was not true and induced him to make such settlement which, but for the false statements made by Vogt, he would not have made.

Upon application of both parties an auditor was appointed by the trial court under the provisions of article 2292, R. S. 1925, who audited the books of the partnership, filed his report consisting of 200 pages, a copy of which by agreement of the parties is brought forward with the record as a part of the statement of facts. This report was objected to in writing before the trial in numerous particulars by Lee, but no objections thereto were made by Vogt. The record does not show that said report was verified by the auditor named by the court, but no objection was made to same by either party on that ground; and the report was obviously considered by the court as a basis for his judgment.

The principal items of damage claimed by Lee, concerning which he alleged that he had been deceived in making the settlement were:

1. That under the partnership arrangement each member was to be allowed, as a charge against the partnership, $10.50 for servicing each new car sold by him during the free service period granted the purchaser; whereas, Vogt had charged, without Lee's knowledge, during said arrangement, an excess aggregating $1,756.75 over that allowance.

2. That neither partner was to charge the firm any rent on the respective salesrooms furnished by him; but that in violation thereof and without Lee's knowledge Vogt had charged the partnership rents on the sales room furnished by him at Schulenburg, aggregating $1,312.50.

3. That neither partner was to charge the firm any of his individual traveling expenses;

but that Vogt had without Lee's knowledge charged to the partnership his traveling expenses aggregating $2,259.04.

4. That Vogt and one Nordhausen had made certain land purchases for which $3,288.35 in money was furnished by the partnership. That by reason thereof and for cars sold to him Nordhausen became indebted to the partnership for sums in excess of what the partnership owed Nordhausen as commissions on sales of cars made by him for the partnership. That Nordhausen also owed Vogt individually, and after Nordhausen's death Vogt credited Nordhausen's debt to him individually with $1,644.16, the amount of commissions owed by the partnership to Nordhausen, instead of crediting same on the debt of Nordhausen to the partnership. ·

The reports furnished by Vogt to Lee as a basis for their settlement were not in evidence. Only the testimony of Lee as to what they showed or failed to show is reflected by the record. There was sufficient evidence to sustain a finding of fraud as that issue was made by the pleadings, but, in view of a remand of the case for a new trial on other grounds, we refrain from a discussion of the evidence here.

We do not sustain appellant's contention as to the auditor's report. Even if it were not verified, as required by law, no objection was made to it for that reason; it was requested by both parties; used and considered as competent by both parties; portions of it introduced in evidence without objection of either party; was obviously accepted by the trial court as a basis for his judgment; and by agreement of the parties it is brought to this court as a part of the statement of facts. · Under these circumstances, we think appellant has clearly waived the matter of verification and cannot be heard to object to that irregularity for the first time in this court. The statute requires that such auditor's report be verified, and, had appellant objected to it on the trial for that reason, it should have been excluded, or else verified at the time. Garrison Tie & Timber Co. v. Parrott (Tex. Civ. App.) 293 S. W. 701. The court in the Garrison Case held that an unverified report was of no higher dignity than the unsworn testimony of a witness. But a party who permits without objection a witness to testify without being sworn waives all objections to his testimony on that ground. Trammell v. Mount, 68 Tex. 211, 4 S. W. 377, 2 Am. St. Rep. 479.

Having waived the verification of the report, if in fact it was not verified, and not having made any objections or exceptions to any of the items contained therein before the trial, appellant would not ordinarily be permitted to introduce evidence to contradict such report. But the auditor did not undertake to state in his audit whether or not Lee

had received his full share of the partnership assets upon its dissolution. He presented rather four statements, each showing a different result, as reflected by his audit, without undertaking to determine which one of the four was correct. Any testimony therefore as to what Vogt informed Lee about the business inducing him to make the settlement would not be a contradiction in any sense of the auditor's report, but would be admissible on the issue of whether Lee had been deceived. And the auditor's report presenting only differing statements of the matters in controversy, showing in two instances that Lee had been overpaid if certain items had been properly included by Vogt as expenses of the partnership; and in two other instances that Lee did not receive his half of the assets if such items were excluded as expenses, as contended for by Lee, any evidence with regard to such items, or in any manner explaining same, should have been admitted. In addition to this, the appellee had already objected to the items in controversy, and to all of the four summarized statements made by the auditor, and asked for a restatement of same. His testimony likewise related to these various matters. Under such circumstances these matters were as fully placed in issue we think as if the appellant had excepted to them prior to the trial; and, having been placed in issue by Lee, any testimony offered by Vogt, otherwise competent, was admissible, whether in rebuttal of Lee's testimony, in explanation of the book entries or auditor's report on those items, or even in contradiction of such auditor's report thereon.

We have concluded, therefore, that the proffered testimony of Vogt as to the commissions due Nordhausen (being one of the chief items in controversy), and that Vogt should retain and apply same to extinguish the personal debt of Nordhausen to him, and that Nordhausen was not indebted to the partnership but to Vogt individually, and also that of the witness Braumer to the same effect, were clearly admissible and erroneously excluded by the court on the ground that same was a contradiction of the auditor's report. The same is also true as to the witness Roeder, bookkeeper for Vogt and for the partnership, whose proffered testimony as to Nordhausen's indebtedness to Vogt and the agreement with Vogt that his commissions be so applied was also excluded.

██ Another of the chief items in controversy was that Vogt had charged the partnership for servicing new cars a total of $1,756.75 in excess of the $10.50 per car agreed upon. Lee testified that he had never charged on new cars sold and serviced by him at Flatonia any excess of $10.50 per car. The court excluded proffered testimony of the bookkeeper, Roeder, offered in rebuttal, that Lee had in fact turned in to him, from his Fla-

tonia office, charge slips showing charges by him in excess of $10.50 per car, and that these extra charges so made by him against the partnership were known to both Vogt and Lee during their negotiations, and were taken into consideration by them in arriving at their settlement. This testimony also was admissible on the issue of fraud in connection with the negotiations, and in rebuttal, whether same contradicted the auditor's report or not. The auditor's report did not purport to show what transpired between Vogt and Lee in their negotiations; it showed rather what the books reflected.

██ The last question raised by appellant relates to his cross-plea, alleging that in said settlement he accepted at face value some $15,000 in notes due the partnership, approximately $6,000 of which proved to be uncollectible and worthless; and asked that Lee be charged with one-half of such loss. Vogt testified that at the time of the trial there was a loss to him on these notes of approximately $5,900. The court appears to have taken the view that, having accepted said notes at face value at the time of the settlement agreement, he was bound thereby and must take whatever loss resulted. This we think was error. The appellee sought to set aside the settlement agreement on the ground of fraud, and prayed for an equal division of the assets of the firm as of the date of dissolution. The court expressly set aside such contract in his judgment. If the contract is set aside on the grounds of fraud alleged, then there should have been a complete accounting as between the partners of all assets of the firm on the basis of their values as of the time of the dissolution. Neither party could be required to accept notes or accounts due the partnership at their face value. First Nat. Bank v. Rush (Tex. Com. App.) 210 S. W. 527. Acceptance by Vogt of the notes at face value was obviously a part of the agreement effectuating the dissolution. He could not in equity be held to a part of the settlement agreement, and have the remainder set aside. Fraud would vitiate such agreement in its entirety. We find nothing in the record as presented which would warrant a departure from the general rule that upon such dissolution the value of the assets should be determined as of that date, and not as of the date of the trial. If, of course, the notes retained or accepted by Vogt, which he now asserts to be worthless, became so through lack of diligence on his part in collecting them, he cannot complain. But, if the settlement agreement be nullified, then the valuation of all of said assets at the time of the dissolution of the partnership should be the proper inquiry.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.