## OLIVER GOLDSMITH v. THE STATE.

### *No. 156.   Decided May 3.*

1. **Continuance — Evidence too Remote — New Trial.—**Where evidence sought in an application for continuance is so insignificant or remote as that it could not have affected the verdict under the facts proved, the motion for new trial was properly overruled.

2. **Same—Practice on Appeal.—**It is only in a case where, from the evidence adduced on the trial, this court on appeal would be impressed with the conviction, not merely that the defendant might probably have been injured by the overruling of his application for continuance, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted, that this court would reverse on account of such ruling.

3. **Evidence—Horse Tracks.—**Evidence is admissible to show that horse tracks trailed from the scene of the crime corresponded with horse tracks found at defendant's.

4. **Witness not Sworn — Objection as to—Practice.—**Where a witness who was not sworn was permitted without objection to testify on the trial, it is too late on the motion for new trial to raise the question.

5. **Burglary—Charge of the Court—Recent Possession.—**On a trial for burglary, where it is certain that the parties entering the house did so for purposes of theft, and that they did steal property in said house, it is not essential to prove that they were seen afterwards in possession of the property; and the court under such circumstances was not required to charge upon recent possession, that not being the ground relied upon to establish guilt.

APPEAL from the District Court of Jack.   Tried below before Hon. J. W. PATTERSON.

Appellant was indicted for the burglary of the store house of one A. B. Flowers, with intent to commit theft, and on his trial was convicted, his punishment being affixed at four years in the penitentiary.

Defendant made an application for continuance for several witnesses, by one of whom he expected to prove that a certain pipe found in his

possession, and claimed by the prosecution as a pipe belonging to the prosecutor, and as one taken from the burglarized store house, was a pipe the witness had known a long time prior to the alleged crime, and the same did not belong to said prosecutor. Also by this witness, and the other witnesses, that defendant nor his codefendant, Mullis, either of them, owned or rode a shod horse at the date of the burglary; and that three of said witnesses would testify that the codefendant, Mullis, was not at or in the neighborhood of the burglarized store house on the day of the burglary, or any day during that week, but was at his home and at work on his farm in Jack County, Texas. This application for continuance was overruled and is discussed below in the opinion of the court.

In substance, the testimony, as shown in the statement of facts, is: That on the night of the 8th of January, 1893, the store house of A. B. Flowers, in the village of Cundiff, Jack County, was burglarized by parties who entered through a window, and took therefrom three caddies of tobacco, six pairs of boots, twenty-four overshirts, some pants, and some pipes. (Evidence as to the pants and pipes was objected to by defendant, because not alleged in the indictment; objection overruled and exception reserved by bill.) Boot tracks, recently made by a new boot, were found about the premises and tracked 150 yards to where horses had been hitched. These horse tracks were examined and measured by the witness. One was a smooth pony track, showing that he had not been shod for sometime. The other was the track of a horse shod in front; the heels of the left shoe being narrower or closer together than those of the right. Tracks made by defendant with a pair of new boots he was wearing a day or so afterwards were pronounced by this witness to correspond with and be the same tracks as made at the burglarized store.

Marion Mullis, who, it was claimed, was a confederate and participant in the crime, was seen in possession of a pipe which the prosecutor thought he identified as one stolen from his store on the night of the burglary. The horse tracks had been trailed from the store in the direction of where defendant lived, and in his father's field a horse was found whose tracks compared with one of the horse tracks found at and trailed from the store. It was proved, that defendant and Marion Mullis were seen in the neighborhood of Cundiff on the day and in the afternoon preceding the burglary, and that their acts and conduct were of suspicious character. Some two or three weeks after the burglary a greater portion of the stolen goods were found, by the witness Baker, up on the side of a mountain, not far from the residence of one Starr Smith. Defendant and Marion Mullis were arrested for the crime on the next Monday after the burglary, which was on Saturday night of the 8th of January.

The State read in evidence the following letter, which was proved to be in the handwriting of defendant:

"Feb. 14th, 1893.

"*Mr. Henry Woods:*

"KIND FRIEND—I will rite you a few lines to let you know I haven't forgotten you, and I hope you haven't forgotten me. Henry, I would like to have you for a witness. I want you to sware that you was going to Bob Long's on the knight of the 7 to see about a horse race, and you met Will Doddy out this side of Long's house, and he told you about the race. Henry, you see Doddy and get him to sware that you you met him. I will have him summons. Henry, you sware that when you passed where the Widow Mayfield lived there was 3 saddles on the fence and a lite in the house, and when you came back from Long's the 3 saddles were still on the fence and the lite was out. Tell them when you passed Mayfield going to Long's it was a hour after dark, and as you passed coming back it was about 12 o'clock. You tell Doddy to sware·the same time you met him and when you left him and the day of the month January the 7 of Jan,

"From your best friend,

"15. 6. 7. 15. 12. 4. 19. 13. 9. 20.·8."

Two of defendant's special instructions requested, and refused by the court, and which refusal is complained of as error on this appeal, are as follows, viz.:

"You are instructed, that you can not convict the defendant unless you find from the evidence, that the defendant, Oliver Goldsmith, at sometime had the goods alleged to have been taken in his possession.

"In order to warrant the inference of guilt from possession of the stolen property alone, said possession must be a personal one, and must involve a distinct and conscious assertion of claim by the accused, and must be recent and unexplained."

*W. E. Taylor*, *Sil Stark*, and *James R. Robinson*, for appellant.—1. The court erred in overruling appellant's application for continuance and motion for new trial based upon same. Irwin v. The State, 20 Texas Cr. App., 39; Harris v. The State, 18 Texas Cr. App., 287; Adams v. The State, 19 Texas Cr. App., 1; Fowler v. The State, 25 Texas Cr. App., 29; Hollis v. The State, 9 Texas Cr. App., 643; McAdams v. The State, 24 Texas Cr. App., 99.

2. The court erred in refusing to give the special instruction requested by defendant, to the effect, that defendant could not be convicted unless the jury found from the evidence that he, defendant, at sometime, had the goods alleged to have been stolen in his possession. Lott v. The State, 20 Texas Cr. App., 230; Hardeman v. The State, 12 Texas Cr. App., 207.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. Defendant's application for a continuance was properly overruled. If the absent witnesses would have testified, as set forth in the application, that the pipe found in the possession of one of the parties sought to be connected with the burglary was not in fact taken from the store burglarized, and that the shoes were taken from the horse mentioned shortly prior to the burglary, it is not probable that these isolated facts would have changed or affected the result reached by the verdict. If its materiality and probable truth be conceded, the testimony is too remote and insignificant to have affected the verdict, under the facts proved. It is well settled, that it is not in every case where the alleged absent testimony is material, and probably true, that the ruling of the trial court, refusing a new trial, will be revised on appeal, when considered with reference to overruling the application for a continuance. "It is only in a case where, from the evidence adduced upon the trial, we would be impressed with the conviction, not merely that the defendant might probably have been prejudiced in his rights by such rulings, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted." Browning v. The State, 26 Texas Cr. App., 443; Covey v. The State, 23 Texas Cr. App., 388; Massie v. The State, 30 Texas Cr. App., 64; Pruitt v. The State, 30 Texas Cr. App., 156. The evidence adduced on the trial is not only consistent with defendant's guilt, but it excludes every reasonable theory save that of his guilt, and the guilt of those associated with him in the crime.

2. The court did not err in permitting the prosecution to prove that the horse tracks trailed from the scene of the crime corresponded with those of the horse found at Goldsmith's. The evidence was competent and admissible. Thompson v. The State, 19 Texas Cr. App., 593; Clark v. The State, 29 Texas Cr. App., 437; McLain v. The State, 30 Texas Cr. App., 482.

It is made ground for a new trial, by amended motion, that the witness McConnell was not sworn before testifying. The agreed statement of the facts shows that he was introduced by, and testified for, the defendant. The amendment alleges that he "testified for the State." No objection was reserved at the trial, and it is too late to raise this question on motion for new trial, even if he testified for the State.

The court refused to instruct the jury, that in order to convict, they must "find from the evidence that defendant at sometime had the goods alleged to have been stolen in his possession," and "in order to warrant the inference of guilt from possession of the stolen property alone, said possession must be a personal one, and must involve a distinct and conscious assertion of claim by the accused, and must be recent and unexplained." The charge, while abstractly correct, was not applicable to the facts. The case is not one of theft, in which the possession of the

recently stolen property was relied on to prove guilt. It is certain that the parties entering the house did so for the purpose of theft, because the property was taken. It was not essential to prove that defendant was seen in possession of the propertv. If the other circumstances connected him with and showed his participancy in the crime as a principal, it was sufficient. While the charge requested announces a correct proposition of law, it was not a necessary one in this case. The circumstances are sufficient to show his participancy in the crime. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.