## John Dodd v. The State.

### No. 2685.  Decided February 18, 1903.

**1.—Continuance.**

An application for continuance, considered on the motion for new trial, will be held properly refused where the affidavit of the proposed absent witness is not produced, and where the proposed testimony of said witness is not probably true in the light of the record.

**2.—Juror and Jury Law—Challenge in Absence of Juror.**

Where a juror, when first tendered, was held by the court disqualified, but the court subsequently announced that he had changed his opinion, at which time the juror was absent from the courtroom, it was not error to permit the district attorney to challenge said juror peremptorily, although the juror was not in court at the time.

**3.—Argument of Counsel—Practice.**

Where argument of counsel is objected to, the objection will not be considered on appeal in the absence of a request to the court to instruct the jury not to consider the argument.

**4.—Witness Not Sworn—New Trial.**

It is too late, on a motion for new trial, to raise the question that witnesses who testified had not been sworn.

**5.—Misconduct of Juror.**

Where it was urged as misconduct of a juror, who sat on the trial, that when the jury was collectively questioned for peremptory challenge if they knew defendant, and said juror remained silent, when in fact he had known defendant for years; Held, it not being shown that the juror had any prejudice against defendant, it was not made to appear that defendant was injured.

**6.—Separation of Jury—Bill of Exceptions.**

An objection that the jury were not kept together in charge of an officer, but were permitted to separate, will not be considered in the absence of a bill of exceptions verifying the statement.

Appeal from the District Court of Travis. Tried below before Hon. N. A. Rector.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with assault with intent to murder John Allen, on the 5th day of November, 1901.

John Dodd, appellant, was a motorman on one of the electrical street cars of the city of Austin. John Allen, the prosecutor, was a gambler and ran a gambling establishment in the city. It seems that Dodd had frequented this place and indulged in gaming there, and was generally a loser. On the day of the assault Dodd went to the saloon and engaged in a game of "senate poker," in which there were several players, one of whom was John Allen. They played for money and drinks. Dodd became to some extent intoxicated, and lost all his money. He applied to Allen for the loan of 50 of 75 cents, which Allen declined to loan him. Dodd became enraged and cursed him, calling him a son of a bitch. At this Allen slapped him in the face. The other parties immediately interfered and ejected Dodd from the room. He went to the office of the manager of the street cars, surrendered his badge, and received the pay due him. He then went to Koen's establishment and

purchased an imitation Smith & Wesson pistol which he got the clerk to load for him. Several hours intervened, when Dodd again appeared in the gambling saloon; and some of the parties remarked to Allen to "look out, here comes your street car friend." Allen, whose back was towards Dodd, attempted to arise from his chair, when Dodd opened fire upon him, shooting at him four times and inflicting a serious wound upon him.

These in brief are the essential facts attendant upon the occurrence, as developed by the record.

*John Dowell,* for appellant, filed an able and elaborate brief and argument on the motion for rehearing.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of two years. This is the second appeal. See Dodd v. State, 68 S. W. Rep., 992.

Appellant insists that the court erred in overruling his application for continuance for want of the testimony of Jim Vickers and Ward Kendall. The court appends the following explanation to the bill: "I approve this bill with the explanation that same was withdrawn as to the witness Vickers upon agreement of parties to use his evidence on a former trial, which was done. As to the witness Kendall, I made no ruling as to the materiality of his evidence or the diligence used. In the light of the evidence said testimony was not likely true. In the motion for new trial his affidavit was not produced, nor was any excuse for its absence offered. It is not probable that he would have sworn to the facts stated." A careful examination of the record shows that, if said witness had been present, and testified to the facts stated, it would not have been probably true, in the light of this record. The court did not err in overruling the application for continuance.

The second bill complains that the court permitted the State to peremptorily challenge the juror Miller when he was not in the jury box or court room at the time the challenge was made. The court first held Juror Miller disqualified, and subsequently changed his opinion, and so announced from the bench. At this time the juror Miller was out of the courtroom, and the district attorney informed the court that he would peremptorily challenge Miller, and after this statement the juror Miller was not produced in court. We see no error in the ruling of the court.

Third and fourth bills of exception complain of the argument of the district attorney to the jury. We see no error in this; and, furthermore, appellant did not request the court to instruct the jury not to consider these arguments.

Appellant insists that the witnesses George Melton and Doc Johnson were not sworn. These witnesses appeared for defendant. It is too late on motion for new trial to raise this question. Goldsmith v. State, 32 Texas Crim. Rep., 112.

Appellant also urges the misconduct of Reuben Hancock, one of the jurors, which is supported alone by the affidavit of W. T. Dodd. The misconduct complained of is that the juror stated, when questioned for peremptory challenge under the direction of the court, if he knew the defendant, John Dodd—the question being asked of all the jurors collectively, if they knew said Dodd—said Hancock remained silent, and said nothing; that by his silence it was taken that he did not know defendant. To this question one of the jurors replied that he had seen Dodd once or twice around the court, but did not know him. Affiant further states that at the time said Hancock knew defendant well, having known him for years when said Dodd lived with his father at Buttercup, Williamson County; and while residing there Hancock was a customer at his father's store, and lived within six or seven miles of his father, where said Dodd lived. Defendant, John Dodd, testifies that there was a great prejudice against him at Buttercup, in Williamson County, where he formerly lived. Concede the affidavit to be true, it does not show how or wherein appellant was injured; and it is not shown that the juror Hancock had any prejudice against defendant.

Appellant insists that the jury were permitted to separate and walk out in the street, and were not kept together in charge of an officer of the court. There is no bill of exceptions verifying this statement. We do not deem it necessary to consider other errors assigned.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]