## TEXAS HOTEL SUPPLY CO. v. LANE.
### No. 7513.

Court of Civil Appeals of Texas. Austin.

Oct. 8, 1930.

Rehearing Denied Oct. 29, 1930.

Dibrell & Starnes, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BAUGH, J.

Appellant sued appellee in the county court upon a verified account for $790.02, for furnishings and fixtures supplied by it for a hotel at San Saba, Tex., and for labor in installing the same. The appellee admitted that he owed for certain items specified, aggregating the sum of $135.45, and tendered that sum into court, but made sworn denial as to all of the remainder of said account.

The trial was to a jury on special issues, and upon their answer thereto judgment was rendered for appellant for said sum of $135.45, from which it has appealed.

The record discloses that the appellee purchased from the appellant furnishings and fixtures for a hotel at San Saba, Tex., aggregating in amount $15,094.56, for which he on April 26, 1928, paid $3,369.06 in cash, and executed a series of notes secured by a mortgage on said property sold to him. Appellant contends that all of the items involved in this suit were purchased or authorized by Lane subsequent to and in addition to those included in the original sales contract and mortgage. Appellee's contention is that all of said items, except those admitted, were either included in the original contract, or were not authorized or purchased by him. His testimony was to this effect.

█ The first contention made by appellant is that Lane's testimony was inadmissible, because it sought to vary by parol the written contract above referred to. There is no merit in this. That contract was not sued upon and was in issue only incidentally. The issue presented was whether or not that contract included the items in controversy and involved no attempt to vary the terms of the contract itself.

Its second contention is that the court erred in not rendering judgment for the full amount of its account, on the ground that the answer of the jury to the question submitted is not supported by the evidence. The question submitted to the jury and on which judgment was rendered was as follows:

"Did the defendant, J. T. Lane, purchase from the plaintiff, or agree to pay the plaintiff, Texas Hotel Supply Company, for any of the items included in the account sued on, other than the items which he has admitted owing, amounting to $135.45? Answer this question yes or no." Answer: "No."

We have read carefully the statement of facts and find that there is sufficient evidence to sustain the finding of the jury.

█ We find it impossible to determine from the instruments themselves whether the items listed in the verified account were or were not included in the mortgage of April 26, 1908, there being nothing either in the account or in the mortgage which would clarify the matter. The only manner in which that could be done was by the testimony of the parties. In the mortgage, for instance, there was included in two items 1216 yards of carpet at an aggregate cost of $1,916.40, and two items for cutting, sewing, and laying said carpet at an aggregate expense of $364.80. In said itemized account there appear three items of carpeting, 29; 2¾, and 77½ yards, aggregating a cost of $180.27; and charges for cutting, sewing, and laying carpets, aggregating $49.28.

There is nothing to show, except the sworn statement of the agents of appellant, that the items in the account were in addition to those included in the mortgage contract. The appellee swore specifically that these items were included in the mortgage, and that the account sued upon, except where admitted, was a second charge for the same items. In the account sued upon there also appear items for labor and railroad fare, aggregating $116.40. These were expressly denied by the appellee, who testified that when the original sale was made to him the appellant agreed at its own expense to install all furniture and fixtures other than those expressly provided for in the contract. The contract itself is silent as to such items. In brief, the case resolves itself into direct conflict in the evidence as to all items except those admitted. The jury chose to believe the appellee, which concludes the matter in this court.

The judgment of the trial court is affirmed.

Affirmed.