EARLY PORTER V. THE STATE.

No. 20461. Delivered June 7, 1939.
Rehearing Denied (Without Written Opinion) October 18, 1939.

The opinion states the case.

*John Morison,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

It appears from the record that on the 29th day of June, 1937, appellant was convicted in the Criminal District Court of Tarrant County, and upon his plea of guilty to a charge of burglary, his punishment was assessed at confinement in the State penitentiary for two years. Sentence was suspended, however, during good behavior.

On the 6th day of November, 1937, appellant was finally convicted in the United States District Court in and for the Northern District of Texas in cause number 6958, charging him with the offense of forgery. Thereafter, on the 16th day of December, 1938, the District Attorney in and for Tarrant County filed a motion in cause number 39,707, charging that appellant had been convicted of forgery in the Federal Court and praying that upon a hearing, appellant's suspension of sentence be revoked and that he be sentenced to serve the punishment imposed upon him by the judgment of said court.

Upon a hearing of the motion, evidence was heard by the court concerning appellant's conviction in the United States District Court. The court inquired of appellant if he was the same person who had theretofore on June 29, 1937, been convicted of burglary in the Criminal District Court of Tarrant County in cause number 39,707, to which appellant replied in the affirmative. Thereupon the court revoked the suspension of sentence and sentenced him as provided by law in such cases.

Appellant contends that the court was not authorized to revoke the suspension of his sentence and sentence him, since the State offered no proof that he, appellant, was the same person who had theretofore been convicted in said court of burglary.

Appellant's guilt was not in question, as that had been

foreclosed by the judgment of conviction. The only question to be determined was the identity of appellant as the one who had theretofore been convicted and whose sentence had been suspended. We think his admission concerning his identity was sufficient, under the circumstances, to authorize the court to sentence him. The mere fact that he was not under oath when he admitted his identity would not render his admission inadmissible or unworthy of belief. One of the objects in swearing a witness is to punish him when he commits perjury.

A defendant can waive almost any right except the right of trial by jury in a capital case. Consequently, though he may have had the right to demand that he be sworn, still he could waive such right or refuse to make any reply to the inquiry of the trial court. Not having availed himself of his privilege, the presumption obtained that he waived whatever legal right he may have had. See Goldsmith v. State, 32 Tex. Crim. Rep., 112; 22 S. W., 405; Barnes v. State, 61 Tex. Crim. Rep., 37, 133 S. W., 887; Dodd v. State, 44 Tex. Crim. Rep., 480; 72 S. W., 1015; Trammel v. Mount, 4 S. W., 377; T. & P. R. R. Co. v. Reid, 74 S. W., 99; Vogt v. Lee, 32 S. W. (2d), 688; Stair v. Smith, 299 S. W., 661; Branch's Ann. P. C., Sec. 349, p. 199 and authorities cited.

We think that the trial court was justified in the action he took.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.