GREGORIO VILLARREAL V. STATE.

No. 24120. October 27, 1948.

Hon. W. W. McCrory, Judge Presiding.

No attorney of record on appeal for appellant.

*William N. Hensley,* Criminal District Attorney, and *M. C. Gonzales,* Assistant Criminal District Attorney, both of San Antonio, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault with intent to rob and given a penalty of two years in the state penitentiary.

To this charge appellant, in company with his counsel, pleaded guilty before the court and was assessed the penalty above stated.

The State introduced appellant's statement in writing in the nature of a confession; and appellant, through his counsel of his own choice, agreed in open court and in appellant's presence, that certain affidavits of the injured party, as well as of witnesses to the alleged occurrence, could be introduced be-

fore the trial court, and such was done without any objection thereto. We see no reason why one accused of crime cannot waive the right of the presence of the witnesses if he so desires.

In Porter v. State, 137 Tex. Cr. R. 473, 131 S. W. (2d) 964, it is said:

"A defendant can waive almost any right except the right of trial by jury in a capital case. Consequently, though he may have had the right to demand that he be sworn, still he could waive such right or refuse to make any reply to the inquiry of the trial court. Not having availed himself of his privilege, the presumption obtained that he waived whatever legal right he may have had. See Goldsmith v. State, 32 Tex. Cr. R. 112, 22 S. W. 405; Barnes v. State, 61 Tex. Cr. R. 37, 133 S. W. 887; Dodd v. State, 44 Tex. Cr. R. 480, 72 S. W. 1015; Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479; Texas & P. R. R. Co. v. Reid, Tex. Civ. App. 74 S. W. 99; Vogt v. Lee, Tex. Civ. App. 32 S. W. (2d) 668; Stair v. Smith, Tex. Civ. App. 299 S. W. 660, 661; Branch's Ann. P. C., Sec. 349, p. 199, and authorities cited."

In the early case of Odell v. State, 44 Tex. Cr. R. 307, 70 S. W. 964, it was held:

"Defendant may waive his right to be confronted with the witnesses against him, as he can waive many other questions.***

"The Cline case (36 Tex. Cr. R. 320, 36 S. W. 1099, 37 S. W. 722, 61 Am. St. Rep. 850) only decided that the constitutional rule will be enforced when the defendant asserts his right."

See Arts. 10a, 11 and 12, Vernon's Ann. Tex. C. C. P. Vol. 1, and pocket parts.

This appellant pleaded guilty to the offense before the judge and waived the personal appearance of the witnesses. To his signed statement no objection was offered, and same shows that he and others were acting together in the commission of the offense.

The judgment will be affirmed.