**Don Wesley GRIFFITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 38295.

Court of Criminal Appeals of Texas.

June 9, 1965.

Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a plea of guilty before the court without a jury, appellant was convicted of burglary, and his punishment was assessed at ten years.

It was "agreed and stipulated by and between the parties hereto" that if T. J. Lawler were present and under oath he would testify that on January 16, 1964, he owned and operated a grocery store on White Settlement Road; that on that day he closed the store by using locks on both the front and rear doors; that when he later returned to the store in response to a call from the police he found that it had been forcibly entered by the breaking of the lock on the front door; that the stamp and money order machines and the cash register had been broken open and $535.16 in money was taken from them, but that an unsuccessful effort was made to open the safe; and that he did not give anyone his permission to break and enter the store.

It was further "agreed and stipulated by all parties hereto" that if Captain Davis of the White Settlement Police Force were present and under oath he would testify that while on routine patrol he noticed that an item which was usually in the front window of the store was missing; that upon investigating he saw movements inside the store and then saw the appellant running from the rear of the store; that he fired a warning shot and the appellant stopped; that he took the appellant into custody, and found $535 and "some change" in the pocket of one of three persons, including the appellant, who were arrested at and in the store.

It was also "agreed and stipulated" that if John Brady were in court and under oath he would testify that he was assistant district attorney of Tarrant County; and that on January 16, 1964, the appellant, in accordance with the statutory provisions, made and signed a written statement to him. The written statement made to John Brady was offered in evidence.

At this time the trial continued as follows:

"Is that and the other stipulations agreed to, by the Defendant and by his Counsel??"

"APPELLANT'S ATTORNEY: We would change the stipulation, Your Honor, insofar as the recovery of the money is concerned. The three subjects found there, including the Defendant, were searched; and the money was recovered from the three subjects."

"STATE'S ATTORNEY: Your Honor, the three subjects found there, including the Defendant were searched, and the money was recovered from the three subjects * * * Our file does not indicate which subject it was, that had the money in his pocket."

"APPELLANT'S ATTORNEY: We accept that stipulation now, Your Honor, with that correction, and agree to it."

"THE COURT: All right—Mr. Griffith, (appellant) do you accept the stipulation now, as stated?"

"THE DEFENDANT: Yes sir."

"THE COURT: Is there any part of it that you want to change now? Or is there any part of it that you now object to?"

"THE DEFENDANT: No sir."

"THE COURT: All right—I will accept the Stipulation—And State's Exhibit No. 1, (Appellant's written statement) will be admitted."

Omitting the formal parts, the statement reads in part:

"My name is Don Wesley Griffith * * * On January 16, 1964, myself, Billy Charles Graham, and Jimmy Edward Russell, decided to break into a grocery store on White Settlement Road * * * I believe it is in the 8100 block, which is here in Fort Worth, Tarrant County, Texas * * To the best of my recollection, we got to the store around 2:00 A.M. There was a padlock on the front door, which I knocked off, and we all three went inside * * * The store was closed

at this time and locked up for the night * * * We knocked open a stamp machine and got some money out of it, and got some money out of the cash register, but we didn't have time to count it before the police *same* * * Just as we were fixing to leave, I looked out the front door and saw the police car * * * I was the one that did the beating on the machine and on the safe * * * I left running out the back door, and heard a shot, and surrendered to the police. The other_ were still in the place, and the police went in there and got them."

It is evident from the questions and statements pertaining to the stipulations, including the questions of the court which were directed to the appellant and his answers thereto, that the appellant personally joined in the agreements and stipulations as herein shown.

Appellant contends that the evidence is insufficient to support the conviction on the ground that no witnesses were sworn or testified, that no affidavit of any witness was introduced by stipulation, and that no stipulation was made waiving the confrontation of witnesses.

The constitutional right of an accused to confrontation and 'the right to cross-examine the witnesses against him is a right which may be waived. Art. 11, C.C.P., Vernon's Ann.C.C.P. art. 11; Villarreal v. State, 152 Tex.Cr.R. 369, 214 S.W.2d 464.

In the absence of any objection to the admission in evidence of the written statement of the appellant and the agreements and stipulations made by the parties, they were properly received in evidence in the trial before the court and constituted evidence of probative force.

The facts contained in the agreements and stipulations as shown and the written statement of the appellant, introduced without objection, admitting the commission of the burglary as alleged, are sufficient to comply with the provisions of Art. 12 C.C.P., Vernon's Ann.C.C.P. art. 12, requiring the state to introduce evidence into the record showing the guilt of the accused who waives a jury and pleads guilty to a non-capital felony. Watson v. State, Tex.Cr.App., 363 S.W.2d 934.

The record contains no formal or informal bills of exception.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.