**Robert Earl DORSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38984.**

Court of Criminal Appeals of Texas.

Feb. 2, 1966.

Joe E. Turner (Appointed on Appeal Only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant entered a plea of guilty to the offense of rape. He was found guilty by a jury, and his punishment assessed at 50 years confinement in the Texas Department of Corrections.

Appellant and his counsel in open court expressly waived confrontation of witnesses.

The state introduced into evidence the sworn affidavits of Gladys Mae Washington, the 12-year-old prosecutrix, and Richard Jones, stepfather of the prosecutrix, as well as the written statement of appellant. No objection was made to the admission into evidence of these documents.

Appellant and his counsel, along with counsel for the state, stipulated to the following:

"That if the prosecutrix and her stepfather were present and testified under oath, each would testify in accordance with his respective sworn affidavit and further that the facts related in these affidavits were true; that if Officer G. C. Montgomery of the Houston Police Department were present and testified under oath, he would testify as to facts which would show that there was no irregularity in the taking of appellant's written statement; that the facts related in appellant's written statement were true; that if the prosecutrix were present and testified under oath, she would testify that appellant did, in fact, place his private parts in her private parts; that she was a female person under the age of 15; that she was not the wife of appellant; and that this offense occurred in Harris County."

The record reflects that on the night of October 25, 1963, appellant, 24 years old,

had attended the grand opening of Carter's Night Club, where he "had too much to drink." After leaving the club he stopped at his apartment to change clothes and then went to his girl-friend's house, where he made known his intention to have intercourse with her. The girl-friend, saying that he was "too drunk," repelled his advances by threatening him with a knife, and told him to "get out of there," which he did.

On that same evening, the prosecutrix and her stepfather had watched television, and both had fallen asleep while so occupied, with Mr. Jones, the stepfather, in the bedroom and the prosecutrix on the adjacent living room floor with the door between these two rooms left open.

The record shows that appellant and the family of the prosecutrix were acquainted, though probably not too well; that appellant had been in their house on several occasions; and that appellant had seen the prosecutrix in the neighborhood prior to this night.

After being rejected by his girl-friend, appellant was "just walking" when he passed a window in an alley through which he saw Mr. Jones sleeping in front of the television set. He then went around the house to the kitchen window, through which he entered after removing the screen. Once inside the house, appellant closed the door between the two rooms and shook the prosecutrix until she awakened. Holding a pocket knife against her throat, he ordered her to undress, then to lie down on the floor and when she had complied, appellant proceeded to have intercourse with her.

At this time Mr. Jones awakened and noticed that the door between the two rooms had been closed. When he opened it, he saw a man on top of his stepdaughter. The light of the television set illuminated the living room to the extent that the prosecutrix was able, for the first time, to recognize her assailant, who jumped up as Mr. Jones entered, and ran out the kitchen door.

There are no formal or informal bills of exception. No objections or exceptions were taken to the court's charge, and no motion for new trial was filed.

We find the evidence sufficient to support the jury's verdict, Griffith v. State, Tex.Cr.App., 391 S.W.2d 428. Finding no reversible error, the judgment is affirmed.