ACCEPTED
01-15-00609-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/29/2015 10:42:33 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00609-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/29/2015 10:42:33 AM
CHRISTOPHER A. PRINE
Clerk

VICTOR ANTONIO SANCHEZ

*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1458825
From the 230thDistrict Court of Harris County, Texas

BRIEF FOR APPELLANT

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

MELISSA MARTIN
Assistant Public Defender
Harris County, Texas
TBN. 24002532
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4319

COUNSEL FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                              Victor Antonio Sanchez
                                        TDCJ # 02005365
                                        Luther Unit, TDCJ
                                        1800 Luther Dr
                                        Navasota, TX 77868


TRIAL PROSECUTORS:                      Alison Baimbridge
                                        Assistant District Attorney
                                        Harris County, Texas
                                        1201 Franklin St 6th Floor
                                        Houston, TX 77002


DEFENSE COUNSEL AT TRIAL:               Dorian Claude Cotlar.
                                        Attorney at Law
                                        723 Main Ste. 826
                                        Houston, TX77002


PRESIDING JUDGE:                        Hon. Brad Hart
                                        230th District Court
                                        Harris County, Texas
                                        1201 Franklin St 16th floor
                                        Houston, TX 77002


COUNSEL ON APPEAL FOR APPELLANT:        Melissa Martin
                                        Assistant Public Defender
                                        Harris County, Texas
                                        1201 Franklin St 13th floor
                                        Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................................ii

TABLE OF CONTENTS.......................................................................................................iii

INDEX OF AUTHORITIES ..................................................................................................v

STATEMENT OF THE CASE ............................................................................................... 1

STATEMENT OF FACTS..................................................................................................... 1

SUMMARY OF THE ARGUMENT ....................................................................................... 1

ISSUE PRESENTED........................................................................................................... 2

> **COURT-APPOINTED COUNSEL BELIEVES THAT THE APPEAL IN THIS CASE IS FRIVOLOUS, SINCE THERE ARE NO ARGUABLE GROUNDS FOR APPEAL FROM THE APPELLANT'S PLEA OF GUILTY FOLLOWING A PRE-SENTENCE INVESTIGATION.**

ARGUMENT ..................................................................................................................... 2

   A. ANDERS BRIEFS, GENERALLY ................................................................................ 2

   B. THE APPEAL IN THIS CASE IS FRIVOLOUS................................................................. 4

      1. SUFFICIENCY OF THE INDICTMENT .................................................................. 5

      2. ANY ADVERSE PRETRIAL RULINGS, INCLUDING BUT NOT LIMITED TO RULINGS ON MOTIONS TO SUPPRESS, MOTIONS TO QUASH, AND MOTIONS FOR SPEEDY TRIAL............................................................................................................ 6

      3. WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, JUDICIAL CONFESSION, AND COURT ADMONISHMENTS ...................................................... 7

CONCLUSION ................................................................................................................. 11

PRAYER ........................................................................................................................ 12

CERTIFICATE OF SERVICE............................................................................................... 13

CERTIFICATE OF COMPLIANCE ............................................................................. 14

**Cases**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)...........2, 3, 4, 12

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005) ...................................................... 4

*Breaux v. State*, 16 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ...... 8

*Carroll v. State*, 42 S.W.3d 129 (Tex. Crim. App. 2001) ...................................................... 8

*Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974) ...................................................... 3

*Ex Parte Douthit*, 232 S.W. 3d 69 (Tex. Crim. App. 2007).................................................. 7

*Ex Parte Smith*, 678 S.W.2d 78 (Tex. Crim. App. 1984)....................................................... 9

*Ex parte Wilson*, 965 S.W.2d 25 (Tex.Crim.App. 1997) ...................................................... 12

*Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009) .................................................... 4

*Griffith v. State*, 391 S.W.2d 428 (Tex. Crim. App. 1965) (citation omitted). ................... 8

*High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978) ......................................................... 3

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) .................................................... 2

*Lomax v. State*, 133 3d 302 (Tex. Crim. App. 2007)............................................................... 5

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). ............................. 2

*Milburn v. State*, 15 S.W.3d 267)............................................................................................ 10

*Missouri v. McNeely,* 133 S.Ct. 1552 (2013) ........................................................................... 6

*Mitchell v. State,* 193 S.W.3d 153 (Tex. App.-Houston [1st Dist.] 2006, no pet.).............. 4

*Noland v. State*, 264 S.W.3d 144 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)...... 11

*Sowels v. State,* 45 S.W.3d 690 (Tex.App.--Waco 2001, no pet.) ....................................... 2

*Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) .................................................. 3, 4

*State v. Villareal,* __ S.W.3d __ (Tex. Crim. App., Dec. 16, 2015) ..................................... 6

*Stephens v. State*, 35 S.W.3d 770 (Tex.App.—Houston [1st Dist.] 2000, no pet.) .......... 12

*Strickland v. Washington,* 466 U.S. 668 (1984) .................................................................. 6

*Vanmeter v. State,* 165 S.W. 3d 68, 72 (Tex. App.—Dallas 2005, pet. ref'd) ................... 7

*Villareal v. State*, 214 S.W.2d 464 (Tex. Crim. App. 1948) ................................................ 7

**Statutes**

Tex. Code Crim. Proc. art. 1.13 ............................................................................................ 7

Tex. Code Crim. Proc. art. 1.25 ............................................................................................ 7

Tex. Code Crim. Proc. art. 26.13(a) ..................................................................................... 9

Tex. Code Crim. Proc. art. 26.13(a) (1)-(5) .......................................................................... 8

Tex. Code Crim. Proc. art. 26.13(b) .................................................................................... 9

Tex. Code Crim. Proc. art. 26.13(c) ..................................................................................... 9

Tex. Code Crim. Proc. art. 26.13(d). .................................................................................... 10

Tex. Code Crim. Proc. art. 26.13(h). .................................................................................... 9

Tex. Penal Code §12.32 ......................................................................................................... 11

Tex. Penal Code §19.02(b)(3) (West 2015) ........................................................................ 1, 5

Tex. Penal Code §49.04(a) (West 2015). ............................................................................. 1, 5

Tex. Penal Code §49.09(b)(2) (West 2015). ........................................................................ 1, 5

**Other Authorities**

http://www.14thcoa.courts.state.tx.us/pdf/AndersGuidelines.pdf................................. 4

**Constitutional Provisions**

Tex. Const. art. I, §10............................................................................................... 7

## Statement of the Case

This is an appeal from a conviction for first-degree felony murder, with the underlying felony of driving while intoxicated (DWI), third offense, pursuant to Tex. Penal Code Ann., §§19.02(b)(3); 49.04(a), & 49.09(b)(2) (West 2015). It was further alleged that appellant had a prior felony conviction for arson. The instant offense occurred on or about May 25, 2014 (C.R. at 7). On March 27, 2015, appellant Victor Sanchez pled guilty (C.R. at 174-182) and the case was reset for a hearing on a presentence investigation (C.R. at 183). The hearing took place on June 22, 2015 and the trial court sentenced Mr. Sanchez to 18 years in the Institutional Division of the Texas Department of Criminal Justice (C.R. at 184; 2 R.R. at 56).

## Statement of Facts

Appellant was accused of and pled guilty to driving on the wrong side of the road while intoxicated and colliding with the complainant's vehicle; the complainant was killed in the collision (C.R. at 7). Appellant also pled guilty to having had two prior felony DWI convictions prior to the accident (C.R. at 7). The state abandoned the felony arson enhancement paragraph (C.R. at 174).

## Summary of the Argument

The undersigned has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from the appellant's plea of guilty following a pre-sentence investigation. Therefore, the undersigned moves to withdraw from

1

representing the Appellant and has filed, simultaneously with this brief, a motion to withdraw.

## Issue Presented

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty following a pre-sentence investigation.

## Argument

### A. *Anders* Briefs, generally

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that such a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). A reviewing court must resolve doubtful issues in the appellant's favor. *Id.* In the brief which accompanies his motion to withdraw, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State,* 45 S.W.3d 690, 691 (Tex.App.--Waco 2001, no pet.). The brief must contain references to anything in the record that might arguably support

2

the appeal, even though counsel believes that the appeal is frivolous. *Anders v. California, supra*; *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra*; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready references to the record." *Stafford v. State, supra* at 510 n.3; *High v. State, supra*. Conclusory statements in the brief are insufficient. *Anders v. California, supra*; *High v. State, supra*; *Currie v. State, supra*.

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a *pro se* brief. Counsel must certify or otherwise show the appellate court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After appellant has himself raised the points that he wishes to raise, or the time has passed for him to do so, the appellate court must conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous. *Anders v. California, supra*; *Mitchell v. State,* 193 S.W.3d 153 (Tex. App.-Houston [1ˢᵗ Dist.]

3

2006, no pet.). If the court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Although a reviewing court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. *Id.*, at 767. If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The appellate court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. *Anders v. California, supra; Stafford v. State, supra.* An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe, supra*, at 827-828, fn 6.

## B.     The appeal in this case is frivolous

The undersigned has evaluated the record from this case with the help of the "Anders Guidelines" posted on the website of the Fourteenth Court of Appeals. *See* http://www.14thcoa.courts.state.tx.us/pdf/AndersGuidelines.pdf.

4

### 1. Sufficiency of the indictment

The elements of "felony" murder under Tex. Penal Code §19.02(b)(3) (West 2015) are 1) a person 2) commits or attempts to commit a felony, other than manslaughter and, 3) in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt 4) commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

The elements of DWI, third offense are 1) a person 2) commits an offense if 3) the person is intoxicated while operating a motor vehicle 4) on a public roadway and the offense is a felony of the third degree if 5) it is shown on the trial of the offense that 6) the person has previously been convicted 6) two times of any other offense relating to the operating of a motor vehicle. Tex. Penal Code §§49.04(a) & 49.09(b)(2) (West 2015).

The indictment in the instant case alleges each element as prescribed by the statutes (C.R. at 7). It has been held that DWI may be the underlying felony for purposes of felony murder because the legislative intent in drafting 19.04 (b)(3) was clearly to preclude a culpable mental state. *Lomax v. State*, 133 3d 302, 303 (Tex. Crim. App. 2007). Nothing else raises a question regarding the indictment, or which would suggest that it should have been challenged in the trial court by defense counsel; it tracks the pertinent statutes and is therefore sufficient to provide notice.

The indictment further alleges a prior conviction for the felony offense of arson, that enhancement was dropped at the plea (C.R. at 174).

## 2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial

There were no adverse pretrial rulings. Defense counsel filed no motion to suppress the blood draw, even though there was no warrant and appellant was unconscious and therefore unable to consent when the blood was drawn (C.R. at 10). The draw arguably was not a valid search under the Fourth Amendment to the United States Constitution as no exigent circumstances existed to preclude the officers getting a warrant and consent under these circumstances could not have been implied under the statute cited in the probable cause statement. *See, e.g. State v. Villareal*, __ S.W.3d __ (Tex. Crim. App., Dec. 16, 2015); *Missouri v. McNeely,* 133 S.Ct. 1552 (2013).

The record is silent, however, as to why defense counsel failed to raise the issue in a motion to suppress, therefore it cannot be determined whether or not counsel had a reasonable trial strategy for not doing so; neither prong of *Strickland v. Washington,* 466 U.S. 668 (1984), therefore can be met to show ineffective assistance of counsel. Further, the record indicates that the state abandoned the felony enhancement paragraph alleged in the indictment and agreed to a cap at 40 years at the plea, which could well have had a bearing on defense counsel's strategy in failing to prosecute a suppression motion (C.R. at 174; 1 R.R. at 6).

As noted above, there was no motion to quash filed; the indictment alleged all the requisite elements of the offense and raised no reason to attempt to quash it. There were no limitations or speedy trial issues. The offense occurred on May 25, 2014 and

6

was first indicted on a prior cause number on August 8, 2014. That indictment was dismissed and reindicted on the instant cause number on February 19, 2015 (C.R. 7 & 8). Appellant pled guilty on March 27, 2015 and was sentenced on June 22, 2015 (C.R. at 174 & 184; 2 R.R. at 56).

### 3. Waiver of Constitutional Rights, Agreement to Stipulate, Judicial Confession, and Court Admonishments

The defendant in a criminal proceeding, other than a capital case, has the right to waive the right to trial by jury. Tex. Code Crim. Proc. art. 1.13. The defendant's written waiver must be filed with the case and it must show that it was made before the defendant entered his plea and it must be in person and in open court. Tex. Code Crim. Proc. art. 1.13. In addition, the waiver must include signed approvals from the defendant's attorney, the court, and the state. Tex. Code Crim. Proc. art. 1.13. Despite these requirements, a defect in the defendant's waiver is not reversible error unless the defect is a jurisdictional defect, or a constitutional or fundamental error. *Ex Parte Douthit*, 232 S.W. 3d 69, 74 (Tex. Crim. App. 2007).

The defendant also has a right to confront witnesses at trial. Tex. Code Crim. Proc. art. 1.25; Tex. Const. art. I, § 10. That right attaches during the trial process and not before, and the defendant may waive this right by waiver or by failing to object. *Vanmeter v. State,* 165 S.W. 3d 68, 72 (Tex. App.—Dallas 2005, pet. ref'd). The defendant also has a right against self-incrimination. Tex. Const. art. I, §10; *See Villareal v. State*, 214 S.W.2d 464 (Tex. Crim. App. 1948). The right against self-incrimination

7

may be waived by written waiver upon a plea of guilty, and in unitary cases, the waiver extends to both the punishment and sentencing phases. *Carroll v. State*, 42 S.W.3d 129, 132 (Tex. Crim. App. 2001). The case becomes unitary when there is a guilty plea in front of a judge or a jury. *Carroll*, 42 S.W.3d at 134. Furthermore, when a confession and a stipulation(s) are admitted into evidence without objection, they are sufficient to comply with provisions "requiring the state to introduce evidence into the record showing the guilt of the accused who waives and pleads guilty to a non-capital felony." *Griffith v. State*, 391 S.W.2d 428, 430 (Tex. Crim. App. 1965) (citation omitted). In addition, a judicial confession will support a plea of guilty if it is voluntarily given before the court or magistrate during legal proceedings. *Breaux v. State*, 16 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

Mr. Sanchez signed and filed a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession" (1 R.R. at 174). The contents of that document are identical to the indictment but for the fact that the felony enhancement paragraph has been crossed out, thereby limiting the minimum sentence to five years. This document shows Mr. Sanchez waived the following rights before he entered his guilty plea to murder: his right to trial by jury, the right to appearance, confrontation and cross-examination of witnesses, and the right against incrimination. He pleaded guilty in open court to the trial judge and the record shows the court complied with Art. 23.13(a)(1)-(5) of the Texas Code of Criminal Procedure (1 R.R. at

8

3-5). Mr. Sanchez stated he was a U.S. citizen and the court, nevertheless, admonished him that he would be deported, should he not be a citizen (1 R.R. at 4).

In compliance with Art. 26.13(b), the trial court asked defense counsel if it was their opinion appellant was competent to go forward, which they confirmed he was. Appellant himself averred that he understood the information in his agreement with the state regarding the range of punishment, which included a cap at 40 years, and the court's discretion to sentence him anywhere within that range 1 R.R. at 4-5). Further, the court confirmed appellant's understanding of the waiver of constitutional rights, agreement to stipulate and judicial confession (1 R.R. at 6). Appellant further confirmed that he understood all the written admonishments he had initialed and signed (1 R.R. at 7; 1 C.R. at 176-79).

As part of the court's evaluation of the voluntariness of the plea, it is required to admonish the accused. Tex. Code Crim. Proc. art. 26.13(a). The admonishment must include, among other matters, the range of punishment for the charged offense, or any plea bargain agreements. Tex. Code Crim. Proc. art. 26.13(a). The standard for complying with the rules of admonishment is substantial compliance, unless the accused can show that he was misled, unaware of, or harmed by the admonishment. Tex. Code Crim. Proc. art. 26.13(c). However, failure to comply with substantial compliance does not set aside the conviction, sentence, or plea. Tex. Code Crim. Proc art. 26.13(h). Substantial compliance is deemed to have occurred when the admonishment is given. *Ex Parte Smith*, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984). The admonishment may be

9

made orally or in writing; however, if the court chooses to make a written admonishment, it must receive a statement by the accused and his attorney stating that the accused is aware and understanding of the consequences. Tex. Code Crim. Proc. art. 26.13(d).

In this case appellant was admonished both orally by the court. He further initialed and signed written admonishments (C.R. at 176-79). The trial court, therefore, was more than substantially compliant with Art. 26.13.

Mr. Sanchez was interviewed by a presentence investigator on June 18, 2015 with his defense counsel (2 R.R. at State's Ex. 2). Objections were made by neither side (2 R.R. at 7). Appellant denied having had an abusive childhood and stated he had never been diagnosed with or treated for mental health problems. The report writer noted that appellant's juvenile probation file from January 2009 included a diagnosis of Axis I –Disruptive Behavior Disorder NOS, ADHD, and cannabis abuse.

Mr. Sanchez initialed a paragraph in the Admonishments document filed at his plea to this offense, stating he was mentally competent (C.R. at 178). As noted in the discussion of the plea colloquy, his defense counsel stated his opinion that Mr. Sanchez was competent at that time and the trial court agreed (1 R.R. at 6).

Mr. Sanchez and his father both testified for the defense at the PSI hearing, so punishment evidence was presented on appellant's behalf, attempting to mitigate appellant's actions (2 R.R. at 25 & 1, respectively). The record demonstrates no reason to believe defense counsel failed to seek out mitigation evidence. *See, e.g. Milburn v. State*,

10

15 S.W.3d 267, 270). Even had there been reason to believe there was no mitigation investigation, appellant did not raise the issue in a motion for new trial so the issue is waived.

Mr. Sanchez's sentence falls within the range of punishment for a first-degree felony (Tex. Penal Code, §12.32). No objection was made to his sentence in the trial court or in a post-trial motion; therefore any error in sentencing was made for purposes of appellate review. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complain that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.")

## Conclusion

Appellate counsel certifies that she has diligently reviewed the entire appellate record in this cause as well as relevant case law. In her opinion, the appeal of Mr. Sanchez's guilty plea and the trial court's sentencing in this cause lacks merit and is wholly frivolous because the record reflects no reversible error.

A copy of the entire appellate record (which comprises one volume of the Clerk's record and two volumes of the Reporter's Record) has been sent to the Appellant, Victor Antonio Sanchez, TDCJ # 02005365, Luther Unit, TDCJ, 1800 Luther Dr., Navasota, TX 77868.

In addition to sending Mr. Sanchez a copy of this brief, the undersigned also sent him a letter explaining the brief and how he might pursue issues that cannot be raised on direct appeal in an 11.07 writ, as well as a copy of the attached Motion to Withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E. 2d 493 (1967) and *Stephens v. State*, 35 S.W.3d 770, 771 (Tex.App.—Houston [1st Dist.] 2000, no pet.)(motion to withdraw pursuant to *Anders* brief is properly directed to the appellate court, not the trial court).

Should this Court grant the undersigned's Motion to Withdraw, the undersigned will inform the Appellant of the result of his appeal and will also inform Mr. Clark that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 965 S.W.2d 25, 27 (Tex. Crim. App. 1997).

## PRAYER

Counsel for appellant asks that this Court grant the motion to withdraw as counsel filed with this brief.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

/s/Melissa Martin
_____

**MELISSA MARTIN**
Assistant Public Defender
Harris County Texas

1201 Franklin 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 437-4319 e-fax
TBA No. 24002532

## CERTIFICATE OF SERVICE

I certify that I provided a copy of the foregoing brief to the Harris County District Attorney on the day the brief was accepted.

/s/ Melissa Martin

_____

**MELISSA MARTIN**
Assistant Public Defender

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. Proc. 9.4(e)(i).

1.      Exclusive of the portions exempted by Tex. R. App. Proc. 9.4 (i)(1), this brief contains 3,088 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Tex. R. App. Proc. 9.4(j), may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/ Melissa Martin

_____

**MELISSA MARTIN**