**Renaldo Julius PEREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45602.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Robert L. Wells, Victoria, for appellant.

Robert J. Seerden, Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and Robert

A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appeal is taken from a conviction for the offense of murder with malice. Punishment was assessed at life imprisonment.

Appellant raises three grounds of error.

The record reflects that on September 25, 1970, appellant took a person known to him as Robert to a ranch in Victoria County, where the two men engaged in target practice. After shooting over one another's head, the two men got into an argument and appellant shot the deceased in the chest. Appellant then started to help the deceased into an automobile to take him to Victoria for medical attention. When the deceased started opening a gate, appellant shot him one or more times behind the ear and then dragged his body into the brush off the roadway, and hid the body.

In December of 1970, appellant went to the sheriff's office in Brooks County and reported the killing. Appellant was given the statutory warnings, and signed a written confession at that time. Appellant was then taken to the scene of the offense and, with officers present, assisted them in the search of the premises. He gave information which led to the finding of portions of clothing and bones, determined to belong to the deceased.

■ It is the statements made by appellant during this search to which appellant initially objects. Appellant contends that the mere presence of the officers intimidated him and led him to believe that he was required to make the statements and assist the officers in the search. Even viewed as confessions, the statements were admissible under Art. 38.22, Vernon's Ann.C.C.P. which states:

"1. The oral or written confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if:

\* \* \* \* \* \*

"(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

\* \* \* \* \* \*

There was no showing that the statements were not made freely without compulsion or persuasion. Art. 38.21, V.A.C.C.P. See Jobe v. State, 464 S.W.2d 137 (Tex.Cr. App.1971). Appellant had previously been given the statutory warning at the sheriff's office. Price v. State, 460 S.W.2d 420 (Tex.Cr.App.1970). Appellant's first allegation is without merit.

■■ Appellant next contends that the written statement made by him at the sheriff's office should not have been admitted since it failed to comply with Art. 38.22, V.A.C.C.P. Specifically, appellant claims that the statement was witnessed only by peace officers. The statute does not support appellant's contention. We note further that no objection was voiced to the introduction of the confession. Nothing is presented for review. Moore v. State, 480 S.W.2d 728 (Tex.Cr.App.1972).

■ In his final ground of error, appellant contends that unsworn testimony was presented since a witness testified through an interpreter who did not take an oath prior to acting as interpreter for this testimony. Appellant concedes that the interpreter had been previously sworn when she assisted another witness. Certainly, the interpreter could be recalled without the necessity of again taking an oath. The interpreter was under the same rules and penal-

ties as an ordinary witness. Art. 38.30, V. A.C.C.P. Appellant's contention is without merit.

The judgment is affirmed.