**Reynaldo SOLIS a/k/a El Diablo, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00285–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 16, 1983.

Oscar J. Pena, Laredo, for appellant.

Julio A. Garcia, Dist. Atty., Zapata, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This appeal arises out of a conviction for rape of a child, wherein the punishment was assessed at twenty (20) years' confinement in the Texas Department of Corrections. We affirm.

Appellant was indicted by a grand jury impaneled in Webb County, Texas, for knowingly having sexual intercourse with a female younger than 17 years of age who was not his wife. The offense was alleged to have occurred in Zapata County, Texas. Appellant moved that the case be transferred to Zapata County for trial, which motion was granted.

Appellant brings five grounds of error. The first ground of error complains of the court allowing the alleged victim, a mentally retarded girl, to testify at the trial or even to be exhibited before the jury. The appellant filed a motion prior to trial alleging that he had been informed by the district attorney's office that the prosecuting witness in the case was mentally retarded and asked for a hearing outside the presence of the jury before trial to determine whether or not the witness was competent to testify and could understand the nature of her oath. The careful trial judge did conduct a hearing outside the presence of the jury. Many questions directed to the victim went unanswered, but to the question as to whether she understood that in court she had to tell the truth, the witness answered "Yes."

Article 38.06, Tex.Code Crim.Pro. Ann. (Vernon 1979) provides

All persons are competent to testify in criminal cases except the following:

\* \* \* \* \* \*

2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

In determining a person's competency to testify it has been said that the first element to be considered is a capacity to observe intelligently at the time of the events in question. The other element is the capacity to narrate. This involves on the one hand, both an ability to understand the questions asked and to frame intelligent answers and, on the other hand, a moral responsibility to tell the truth. *See* 1 Texas Practice, §§ 271, 252–253, *Evidence* (2d ed.), McCormick & Ray. If a person afflicted with a physical or mental disability possesses sufficient intelligence to receive correct impressions of events he sees, retains clear recollection of them and is able to communicate them through some means, there is no reason for rejecting his testimony. *Watson v. State,* 596 S.W.2d 867, 871 (Tex.Cr. App.1980).

■■■ The issue of a witness's competency is generally a question for the trial court, and its ruling in that regard will not be disturbed on appeal unless an abuse of discretion can be shown. *Martini v. State,* 629 S.W.2d 253, 254 (Tex.App.—Dallas 1982). The rule was stated by the United States Supreme Court in *Wheeler v. United States,* 159 U.S. 523, 525, 16 S.Ct. 93, 40 L.Ed. 244 (1895):

"The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review, unless from that which is preserved it is clear that it is erroneous."

An examination of the witness's testimony, including that related in the presence of the jury, that related in the court's chambers, and that permitted to be repeated by other witnesses as excited utterances, compels us to hold that there was no abuse of discretion by the trial court in permitting the witness to testify. *Villarreal v. State,* 576 S.W.2d 51, 57 (Tex.Cr.App.1978), *cert. denied,* 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). Appellant's first ground of error is overruled.

■■■ In his second ground of error, appellant contends that the trial court permitted witnesses to testify with the aid of an interpreter who had not taken the necessary oath. Appellant made no objection to the testimony on this ground at the time of trial. Tex.Code Crim.Pro.Ann. art. 38.30 (Vernon Supp.1982) provides that if

... a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as are provided for *witnesses.* [Emphasis ours.]

We interpret this language to mean that an interpreter, like a witness, must be sworn under oath before allowed to interpret testimony. Therefore, when an interpreter testifies at trial without first taking the necessary oath, the testimony should be reviewed by the same standard used when a witness testifies without taking the necessary oath. It is well settled that a party, who permits without objection a witness to testify who has not been sworn, waives all objections to his testimony on that ground, *Porter v. State,* 137 Tex.Cr.R. 473, 131 S.W.2d 964, 965 (Tex.Cr.App.1939); *Vogt v. Lee,* 32 S.W.2d 688, 689 (Tex.Civ.App.—Austin 1930, no writ); *Stair v. Smith,* 299 S.W. 660, 661 (Tex.Civ.App.—Austin 1927, no writ).

Appellant cites *Perez v. State,* 490 S.W.2d 847 (Tex.Cr.App.1973) as authority that the failure to have the interpreter sworn in before he interprets would be error. In *Perez* it was conceded that the interpreter had been previously sworn when she assisted another witness but was not resworn before the testimony complained of. The court held that the interpreter could be recalled without the necessity of again taking an oath. *Id.* at 848. The record in the present trial shows that the interpreter used had been appointed as the official court interpreter for the 49th Judicial Dis-

trict in January of 1979. At the time of his appointment the interpreter was administered an oath by which he swore to truthfully and accurately translate testimony from the Spanish into the English language. He remained as the official court interpreter from the time of his appointment to the time of this trial in 1981.

■ We hold that where an official court interpreter has been appointed and was administered the requisite oath at the time of his appointment and no objection is timely made specifically to his failure to being resworn at time of trial, no error is preserved. *Black v. State,* 634 S.W.2d 356, 358 (Tex.App.—Dallas 1982); *Thomas v. State,* 624 S.W.2d 296, 297 (Tex.App.—Dallas 1981); *Cooper v. State,* 578 S.W.2d 401, 404 (Tex.Cr.App.1979). Appellant's second ground of error is overruled.

■ The appellant contends in his third ground of error that he was indicted in one county for an offense alleged to have been committed in another county. The indictment does in fact show that it was returned by a grand jury impaneled in Webb County at the March term, 1980, of the 49th District Court, and the offense is alleged to have occurred in Zapata County, Texas. Webb County and Zapata County are both in the 49th Judicial District of Texas. Article 13.15 Tex.Code Crim.Pro.Ann. (Vernon Supp.1982) authorizes the procedure that was followed in this case. The statute says in part,

> ... When it shall come to the knowledge of any district judge whose court has jurisdiction under this Article that rape has probably been committed, he shall immediately, if his court be in session, and if not in session, then, at the first term thereafter in any county of the district, call the attention of the grand jury thereto; ...

This statute is not intended to deprive an accused of any basic right, but rather it is designed to give an opportunity for the matter to be disposed of with the greatest possible dispatch. The authorities in this case complied with the law strictly. In *Salinger v. Loisel,* 265 U.S. 224, 237, 44 S.Ct.

519, 524, 68 L.Ed. 989 (1924) the Supreme Court was discussing the propriety of the prevailing federal practice of impaneling a grand jury for an entire United States district at a session in some division of that district and then remitting indictments to the several divisions in which the offenses were committed. The Court said

> That practice was attended with real advantages which should not be lightly regarded as put aside. In many divisions only one term is held in a year. If persons arrested and committed for offenses in those divisions were required to await the action of a grand jury impaneled there, periods of almost a year must elapse in many instances before trial could be had or an opportunity given for entering a plea of guilty and receiving sentence.

Appellant suggests that for an individual to be tried in a county different from that in which he was indicted would constitute a violation of the equal protection and due process clauses of the 14th Amendment to the United States Constitution. He cites no authority for this proposition. We find the practice required by the Article 13.15, *supra,* analogous to that procedure approved by the Supreme Court in *Salinger,* and we, therefore, overrule appellant's third ground of error.

Appellant groups under ground of error four, five instances of alleged prosecutorial misconduct. Though this does not strictly comply with Article 40.09, § 9 Tex.Code Crim.Pro.Ann. (Vernon Supp.1982) requiring that each ground of error be set forth separately, we feel we can identify and understand each objection and will therefore review and rule upon them separately.

■ Appellant complains of what he contends was undue emphasis of the alleged victim's mental incapacity. At the places in the record where the appellant contends this occurred, there was either no objection to the evidence or only a general objection that failed to inform the trial court of the basis of the complaint. Error was not preserved. *Granviel v. State,* 552 S.W.2d 107,

121 (Tex.Cr.App.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977); *Gutierrez v. State,* 628 S.W.2d 57, 62 (Tex.Cr.App.1980).

Appellant further complains that the court permitted the prosecutor to introduce evidence of deviant sexual intercourse, which would have constituted an extraneous offense for which the accused was not being tried. Where an offense is one continuous transaction, or another offense is part of the case on trial or blended or closely interwoven, proof of all such facts is proper. *Welch v. State,* 543 S.W.2d 378, 381 (Tex.Cr.App.1976); *Johnson v. State,* 510 S.W.2d 944, 948 (Tex.Cr.App.1974). Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been termed the "res gestae," under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980); *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Cr. App.1972).

Appellant next complains that the State's attorney attempted to introduce an inadmissible police report. The defense attorney used the officer's report in cross-examining Detective Sargeant Blasa Bluhm. Since part of the writing was given in evidence by one party, the whole could have been inquired into by the State. Article 38.24 Tex.Code Crim.Pro.Ann. (Vernon 1979). During the cross-examination the District Attorney interrupted to suggest to the court that the report be admitted into evidence. There was no objection by the defense, but the report was not admitted into evidence by the court. During re-direct examination by the State the report was marked for identification, was referred to by the witness, and the witness described how the report was made but did not go into its contents. No error is presented.

The appellant next complains that there was improper jury argument, alleging that the prosecutor repeatedly presented his own personal opinion and wishes in the matter, clearly telling the jury that he believed appellant to be guilty of rape. It is well settled that the prosecutor can argue his opinions concerning issues in the case so long as the opinions are based on evidence in the record and do not constitute unsworn testimony. We feel that the prosecutor's argument in this case amounted to his opinion of the evidence and not unsworn testimony. *Ramos v. State,* 419 S.W.2d 359, 368 (Tex.Cr.App.1967); *Nolan v. State,* 624 S.W.2d 721, 726 (Tex.App.—Amarillo 1981).

Appellant further suggests that the opening and closing arguments of the District Attorney went far beyond permissible limits and was an attempt to inflame the minds of the jury. Jury arguments are permitted to be summations of evidence, reasonable deductions from the evidence, answers to argument of opposing counsel, and pleas for law enforcement. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App. 1973); *Lopez v. State,* 628 S.W.2d 77, 80 (Tex.Cr.App.1982). We believe that the arguments of the District Attorney fell within these categories, and no error is presented. Appellant's fourth ground of error is overruled.

The appellant's last ground of error is that the State failed to prove by legal and competent evidence beyond a reasonable doubt that appellant did in fact commit the offense charged. Appellant is essentially complaining of fact issues which the jury decided against him. The constitutionally required burden of proof in criminal cases is that the State establish all elements of the offense beyond a reasonable doubt. *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Crocker v. State,* 573 S.W.2d 190, 207 (Tex.Cr.App.1978). There was evidence on every element of the offense charged which the jury could have believed. The jury resolved the disputed fact issues against the appellant. Appellant's fifth ground of error is overruled.

No reversible error is shown. The judgment is affirmed.