**Gus Pena ELIZONDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00409–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1984.

Morris Kirschberg, San Antonio, for appellant.

Bill White, Criminal Dist. Atty., Thomas McHugh, Michael Sawyer, Julie Pollock, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for unauthorized use of a vehicle. Appellant was found guilty in a jury trial. The court, after finding an enhancement count of one prior felony conviction true, assessed punishment at six (6) years' confinement in the Texas Department of Correction.

Appellant's first ground of error is that all of the testimony of the complainant, Celerino B. Herrera, should be inadmissible as the interpreter was not sworn prior to his testimony. This would result in insuffi-cient evidence to prove the offense charged.

The record shows that the State's first witness was the complainant, Celerino B. Herrera, who testified through the interpreter, Maria Daughtery, official interpreter for the Bexar County District Courts. After finishing his testimony, Herrera was excused by both sides to return to his work. The second witness was San Antonio Police Officer Guadalupe Salazar, who testified without an interpreter. After Salazar testified, the State rested. The defense then made a motion to dismiss the case for several reasons, one of them being "the interpreter in this case was not sworn before the court and the jury and as a result, we ask that the testimony of Mr. Herrera be stricken from the record; and therefore, the State has not proved the elements of this offense."

The trial judge then conducted a hearing out of the presence of the jury where it was established that the interpreter had been officially sworn at the time of her employment some year-and-a-half previous. We note further, that no objection was made at the time the witness, Herrera, was testifying.

■ The rule in such cases is that where an official court interpreter has been appointed and was administered the requisite oath at the time of his appointment and no objection is timely made specifically to his failure to be resworn at the time of trial, no error is preserved. *Perez v. State*, 490 S.W.2d 847, 848 (Tex.Cr.App.1973); *Solis v. State*, 647 S.W.2d 95, 99 (Tex.App.—San Antonio 1983, no pet.). Appellant's first ground of error is overruled.

Appellant's second ground of error claims that the trial court improperly permitted the introduction of evidence of an extraneous offense.

An apparent theory of the defense was that the appellant had been in jail at the time of the theft of the automobile and therefore could not have committed the crime. The defense attorney called the ap-

pellant's half-brother as a witness to testify as follows:

Q: Is there—was there an occasion back in June when you got your half-brother—brother out of jail?

A: Sir, that's correct.

Q: Do you recall the date?

A: Not—it's June, I don't know the date.

\* \* \* \* \* \*

Q: What was your brother doing in jail? What was the circumstances [sic]?

A: Well, I went to pay a fine for him. A ticket fine.

\* \* \* \* \* \*

Q: And do you recall the type of tickets that he had?

A: I think it was traffic violations.

Then came the following cross-examination by the State:

Q: And you said that your brother was in jail for how long when you got him out of jail?

A: I would say about three weeks. I don't remember exactly. Like I say, if I was doing time myself, I would know. I don't pay much attention when I'm not doing the time.

\* \* \* \* \* \*

Q: Mr. Tripis, have you gotten your brother out of jail on other occasions?

MR. KIRSCHBERG: Your Honor, I object to that. That's not relevant to this matter. We are talking about one time when he picked him up with reference to this.

THE COURT: No, I'm going to overrule that objection. This witness does not personally pick him and you opened the door. So, I'm going to overrule the objection.

Q: Your brother was picked up, is it not true, in May, for carrying a gun?

A: That's right.

Q: Did you get him out of jail at that time?

A: No, they dropped the charges out. They dropped the charges.

Q: This is the time you got him out?

A: Yes, I just paid the ticket fine.

Q: I just have one more question, Mr. Tripis. All this testimony that you have given here this morning all stems from the fact that your brother was arrested in May for carrying a gun, isn't it true?

MR. KIRSCHBERG: Your Honor, I object to that. I don't see how the witness can draw a conclusion based on this extraneous offense.

THE COURT: I'll overrule your objection.

\* \* \* \* \* \*

Q: Mr. Tripis, when you got your brother out of jail, on whatever day it might have been in June, you don't recall the particular date. The fact that he was in jail stems from the fact that he was ... arrested for carrying a gun and that's why he was in jail, isn't this true?

A: Yeah, I already stated there. It has nothing to do with this case.

The defense later established through a custodian of the jail records that the appellant had in fact been in custody for the charge of unlawfully carrying a weapon and was released from county custody on that charge on a personal bond. He was transferred to the custody of the San Antonio Police Department for moving traffic violations. He was released from city custody later the same day.

■ Where a particular subject matter is inquired into first by the defense, the same subject matter may be further explored on cross-examination by the prosecution even if it concerns an extraneous offense. *Carter v. State*, 480 S.W.2d 735, 738 (Tex.Cr. App.1972). Appellant's counsel having first gone into the reason for his confinement in jail, the State was free to develop the same subject matter fully on cross-examination. Appellant cannot now complain, and the second ground of error is overruled.

■ The final ground of error alleges improper jury argument by the prosecution in two respects. The first concerned a comment by the State on the failure of the defense to call Tony Colin as a witness. Colin had in fact been called by the defense out of the presence of the jury and had invoked the Fifth Amendment. On final argument, the prosecutor said,

> The defendant, ladies and gentlemen, has every right as the State does to subpoena the witnesses. Tony Colin is living in his house and under his roof. Don't you know that if he knew this guy, that if it was his truck. Don't you know that he would come into the courtroom?

The defense objected and asked that the jury be instructed to disregard. The court then said, "I've already instructed you, ladies and gentlemen, that the remarks of counsel are merely their representations of the evidence and specifically ask you to disregard Mr. McHugh's discussion of Mr. Colin." The prosecutor then continued his argument. Where the record reflects that a witness is available and competent to testify for an accused, the State may comment on such failure to call the witness and may also argue that the reason for such failure is that any such testimony would be unfavorable. *Torres v. State,* 552 S.W.2d 821, 825 (Tex.Cr.App.1977). Here the witness was not available and competent, and it was therefore error for the State to make the comment. *See Carrillo v. State,* 566 S.W.2d 902, 912–13 (Tex.Cr.App.1978). But here the court sustained the defendant's objection and promptly instructed the jury not to consider the argument. No motion for mistrial having been made, appellant had received all the relief he requested. The error was cured by the court's instruction. *Haywood v. State,* 482 S.W.2d 855, 858 (Tex.Cr.App.1972).

■ Appellant further complained of the argument of the prosecution that on the night of the alleged offense the defendant was accompanied by a juvenile. The defense objected stating that there had been no testimony as to that fact. The court sustained the objection and promptly advised the jury to disregard the prosecution's remarks about one of the witnesses being a juvenile. The error, if any, was harmless where the court sustained the objection and the jury was instructed to disregard. *Torres v. State, supra.*

All grounds of error being overruled, the judgment is affirmed.

CANTU, J., concurs in result without opinion.