Leroy JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–85–553–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 1986.

Robert N. Burdette, Houston, for appellant.

John B. Holmes, Jr., Dinah Bailey, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Leroy Jones was found guilty by a jury of the offense of aggravated robbery and was sentenced to nine years' confinement. We affirm.

Appellant has not attacked the sufficiency of the evidence; therefore, a recitation of the facts is not necessary except as they may be relevant to grounds of error discussed below.

In ground of error one appellant alleges the trial court erred in refusing to submit his requested jury charge on defense of property. The complainant testified that while working as a manager of a convenience store, appellant and his co-defendant, Charlie Moore, entered the store and robbed him. He testified that Moore pointed a shotgun at his stomach and demanded the contents of the cash register. As the complainant removed the money from the cash register, appellant took the money and the two parties left the area in appellant's vehicle. Appellant's version of the events in question was that Moore had purchased a twenty dollar bag of cocaine from the complainant. After leaving the store, Moore discovered the substance was not cocaine and demanded that appellant drive him back to the store to recover his twenty dollars. Appellant further testified that on returning to the store, Moore and the complainant got into an argument, Moore struck the complainant several times, appellant stopped the fight and he and Moore left. Appellant denied that Moore carried a shotgun into the store but admitted that Moore had a shotgun which he had placed in appellant's trunk. Moore was employed at a beer hall and the weapon was used for protection. Appellant further testified that he had given Moore a ride home that evening from Moore's place of business. Complainant gave police appellant's license plate number, and appellant was apprehended with the shotgun still in the trunk of the car.

Appellant contends that he requested a jury charge on defense of property and cites the court to Section 9.43 of the Texas Penal Code, which justifies using force against another in protection of property. A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached or contradicted. Further, even if the trial court is of the opinion that the testimony is not entitled to belief, the accused is still entitled to the affirmative defensive instruction. *Warren v. State*, 565 S.W.2d 931 (Tex.Crim.App.1978). Appellant relies on this provision of the law to justify retrieving by gunpoint money spent in an illegal activity. We believe appellant's reliance is misplaced. The statute relied upon was obviously designed to aid a law-abiding citizen in protecting his property from a thief or other wrongful taker. Model Penal Code § 3.06 comment at 44 (Tentative Draft No. 8, 1958). By no stretch of the imagination could the statute be reasonably interpreted to protect a purchaser of dope who attempts to retrieve his money when he discovers he has been duped instead of doped. When a timely objection has been made to a jury charge, or a jury charge has been requested and denied, a reversal is required if the error is " 'calculated to injure the rights of the defendant,' which means no more than that there must be *some* harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). In viewing the charge as whole, we find no error, and appellant's ground of error number one is overruled.

In ground of error number two appellant alleges the trial court erred in overruling his objection to jury argument regarding the failure of appellant to call the co-defendant, Charlie Moore, as a witness in the trial-in-chief. In final argument the prosecuting attorney discussed Charlie Moore's absence from the trial and argued to the jury that if the facts were as appellant testified, his friend Charlie Moore would have appeared and testified that he was making a drug deal. Appellant objected and his objection was overruled.

Appellant cites *Mendoza v. State*, 552 S.W.2d 444 (Tex.Crim.App.1977), for the proposition that the refusal of a witness to testify cannot be made the basis of any inference to the jury, whether that inference be favorable to the prosecution or to the accused. Appellant's entire argument is based upon the *assumption* that if Charlie Moore were called as a witness to testify, he would assert his Fifth Amendment privilege and refuse to testify. However, there is no evidence in the record to show that if called to testify, Charlie Moore would refuse to do so. Neither is there anything in the record to show that appellant reasonably believed that if Moore were called to testify, he would refuse to do so. While we recognize the harm that can result from such a question when the parties are aware that the co-defendant will refuse to testify, we find no harm in the comment when there is nothing in the record to indicate that the witness would refuse to testify based on the Fifth Amendment.

The general rule is that the state may comment on defendant's failure to call competent and material witnesses, and the state may also argue that the reason for such failure is that any such testimony would be unfavorable to the accused. *McKenzie v. State*, 617 S.W.2d 211 (Tex. Crim.App.1981). This case is similar to *Carrillo v. State*, 566 S.W.2d 902 (Tex. Crim.App.1978), where the state and the defense had been told by some unknown third party that the witness in question would refuse to testify pursuant to his Fifth Amendment privilege. The court of criminal appeals held that since there was no *evidence* that the witness was unavailable or incompetent, there was no error in the state's commenting on the defense's failure to call that party as a witness. *Carrillo v. State*, 566 S.W.2d at 913. A Fifth Amendment privilege may only be invoked by the person who claims it, and the only evidence in this record that Moore would refuse to testify is the bare assertion of same in appellant's brief. Ground of error number two is overruled.

In ground of error number three appellant alleges he was denied effective assistance by the trial court's refusal to allow him to properly cross-examine the witnesses against him. The gist of this ground of error is that the trial court refused to let appellant's counsel cross-examine the arresting police officer in regard to comments made by appellant at the time of his arrest. Appellant was arrested shortly after the alleged offense, and he apparently made statements to the arresting officer that he believed would be exculpatory in nature or would corroborate his version of the events. Generally, such statements would be admissible as res gestae. *Smith v. State*, 646 S.W.2d 452, 456 (Tex.Crim. App.1983). However, the state objected to the officer's testifying to such statements on the grounds of hearsay, and the trial court sustained the objection. To further complicate matters, on direct examination the state asked the following question of the arresting officer:

Q. What did Mr. Jones do once you got him out of the car?

A. The first thing he did was asked us what was going on, and we told him that we were going to check him out and see if he had been to the gas station there the night earlier, earlier that night, and he said, yeah, they'd been over there, what was the problem?

During the cross-examination of the arresting officer by appellant's attorney, the following occurred:

Q. Did Mr. Jones appear to know anything about what you were conducting your investigation about?

PROSECUTOR: Objection, your Honor, calls for speculation.

COURT: Sustained.

Q. All right. Did Mr. Jones say anything that would indicate to you that he knew what it was all about?

PROSECUTOR: Objection to hearsay.

COURT: Sustained.

Q. Would you repeat again what Mr. Jones said to you?

PROSECUTOR: Objection to hearsay.

DEFENSE COUNSEL: It's not hearsay. It is the defendant. We have already been into what he said. It is already an open subject.

COURT: Sustained.

DEFENSE COUNSEL: I can't ask what Mr. Jones said to him?

COURT: No, sir.

DEFENSE COUNSEL: Could I ask him to repeat his testimony as to what he said in response to the state's question, your Honor?

COURT: It's already asked and answered.

DEFENSE COUNSEL: Could we have it read back by the court reporter, your Honor?

COURT: No, sir. The jury has heard it.

DEFENSE COUNSEL: With all due respect, I am not clear on what the testimony was.

COURT: That is unfortunate.

DEFENSE COUNSEL: I can't conduct my cross-examination properly.

COURT: No, sir, I have already ruled.

DEFENSE COUNSEL: Note our exception.

Q. Did Mr. Jones ever deny to you that he had been there?

PROSECUTOR: Objection to hearsay, anything Mr. Jones may have said.

COURT: That is overruled. You may answer.

Q. Did Mr. Jones ever deny having been to the establishment on that evening, that is, the place?

A. No, sir.

Q. Was it something that came right out or something that took a while to get at?

A. When I asked him if he had been at the store or the gas station, whatever terminology is to be used, he said, yes, they had been there earlier that evening.

Q. Did he say what they had done there or why they were there?

PROSECUTOR: Objection to hearsay.

COURT: That is sustained.

Appellant is correct in his allegation that the court improperly overruled his objections and improperly sustained the state's objections to testimony from the arresting officer on grounds of hearsay. Even if the statements sought were not admissible as res gestae, or for any other reason, the state opened the door to such cross-examination. On direct examination, the state elicited answers that included certain statements made by appellant at the time of his arrest. When the officer on direct examination testified as to *some* statements made by appellant at the time of his arrest, appellant should have been allowed in cross-examination to discover other statements made by appellant, whether or not they were res gestae. While it is possible that these errors could have denied appellant a fair trial, this court has no way of knowing what the police officer would have answered in response to the questions on cross-examination. Appellant has failed to provide this court with a bill of exceptions which would contain the answers to the questions complained of. Without knowing the essence of the answers to the questions, this court cannot assume the answers would be favorable to appellant and would result in reversible error. Tex.Code Crim.Proc.Ann. art. 40.-09(6)(d)(1) (Vernon Supp.1986); *James v. State*, 546 S.W.2d 306 (Tex.Crim.App.1977).

We do not agree with the state's contention that because the defense lawyer finally prevailed, no error occurred. The state contends that there is no error because the

court overruled *one* state objection and allowed the witness to testify that the accused admitted being at the store or the gas station. The answer to that question was favorable to the state because it was an admission that appellant was at the scene of the crime. However, appellant was denied the opportunity to have the officer testify as to appellant's *explanation* or reason for being at the store on the evening in question. The defense attorney had an opportunity to elicit the answers he sought by asking the same questions of the appellant on direct examination. However, no questions were asked that could shed any light on this ground of error. As earlier noted, without the answers to such questions appearing in the record for review by this court, we cannot say that reversible error occurred. Ground of error three is overruled, and the judgment and conviction of the trial court is affirmed.