**Jose Hernandez CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–164–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 14, 1991.

Noe D. Garza, Brownsville, for appellant.

Luis V. Saenz, Co. Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES and HINOJOSA, JJ.

## OPINION

BENAVIDES, Justice.

A jury found Jose Hernandez Castillo guilty of first degree murder in the shooting death of Maris De Lourdes Teran and assessed punishment at eighty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division. By one point of error, appellant complains that his constitutional right to confrontation was violated. We affirm the trial court's judgment.

By his only point of error, appellant contends that he was denied the right of confrontation as provided by the Sixth Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution based on the claim that the trial court abused its discretion in failing to properly qualify the court interpreter as required by TEX.CODE CRIM.PROC.ANN. art. 38.30 (Vernon Supp.1991) (effective August 1, 1979). The Sixth Amendment and Article I, § 10 both state in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Article 38.30 provides that:

> When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same rules and penalties as are provided for witnesses. In the event that the only available interpreter is not considered to possess adequate interpreting skills for the particular situation or the interpreter is not familiar with the use of slang, the person charged or witness may be permitted by the court to nominate another person to act as intermediary between himself and the appointed interpreter during the proceedings.

During trial, appellant, who did not understand or speak English, needed the assistance of a court interpreter who spoke Spanish. The official court interpreter interpreted the indictment to appellant at the

beginning of trial and interpreted the testimony of the State's first two witnesses. At the beginning of the third witness's testimony, the official court interpreter left for a medical reason. The court announced that it was going to get the court bailiff, Frank Sanchez, to interpret for appellant and his co-defendant. The court disclosed that Sanchez was not a certified interpreter but that he knew Spanish. The trial judge stated that if the defendant had a question or problem, to bring it to the court's attention and he would stop the proceeding. He also stated that the official court interpreter was scheduled to be back the next morning and that the court would put her back in to interpret. The trial judge then asked appellant's attorney and appellant's co-defendant's attorney whether either had any problem with that decision and each answered negatively.

On appeal, appellant contends that the trial court committed reversible error by not qualifying Sanchez as a court interpreter and by not making sure that such interpreter possessed adequate interpreting skills or, in the alternative, nominate another capable person to act as intermediary between appellant and the appointed interpreter during the proceedings. Appellant concedes that he made no objection at trial to Sanchez's appointment but contends that this failure to object is irrelevant because it was the court's duty to make sure that appellant understood the testimony of all the witnesses. In support of this position, appellant cites *Baltierra v. State*, 586 S.W.2d 553 (Tex.Crim.App.1979), in which the Court of Criminal Appeals held that "when it is made known to the trial court that an accused does not speak and understand the English language an interpreter must be furnished to translate to the accused the trial proceedings, including particularly testimony of the witnesses presented by the State." *Baltierra*, 586 S.W.2d at 559.

The State cites Tex.R.App.P. 52 and argues that appellant was obligated to object at the trial level to preserve error on appeal. The State also notes that even errors of constitutional magnitude are waived by the failure to object at the trial court level.

*See Rogers v. State*, 640 S.W.2d 248, 264–65 (Tex.Crim.App.1982). A party who permits without objection an interpreter to be appointed and to interpret witness testimony without having the requisite oath administered at the time of his appointment, waives all objections and fails to preserve error. *See Solis v. State*, 647 S.W.2d 95, 98–99 (Tex.App.—San Antonio 1983, no pet.); Tex.Code Crim.Proc.Ann. art. 38.30. Conversely, in the face of a proper motion or objection an interpreter must be sworn to translate, so long as the interpreter is considered to possess adequate interpreting skills for the particular situation. *Leal v. State*, 782 S.W.2d 844, 848–49 (Tex.Crim. App.1990).

Here, the trial court recognized the bailiff as being knowledgeable in Spanish. The trial court specifically asked appellant's counsel whether he had any objections to the court's use of the bailiff as the temporary interpreter, and appellant's attorney responded that he had no objections. Although invited to complain in the event a question or a problem arose as a result of Sanchez's translating and assured that if that happened the proceeding would be stopped, appellant did not bring any issue to the trial court's attention or ask that the proceeding be stopped. Further, at no time did appellant's attorney request that another person be appointed to serve as intermediary or request that the trial court postpone trial until the next day when the official court interpreter would be available. Appellant's failure to object at trial waives any error on appeal. We overrule appellant's point of error.

We affirm the trial court's judgment.