Jose Guadalupe RIOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-92-179-CR.

Court of Appeals of Texas, Corpus Christi.

June 10, 1993.

J.A. Canales, Nancy M. Simonson, Canales & Simonson, P.C., Corpus Christi, for appellant.

Luis V. Saenz, John A. Olson, County (Crim.Dist.) Attys., Brownsville, for the state.

Before NYE, C.J., and GILBERTO HINOJOSA, and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Appellant was convicted by a jury of aggravated possession of marihuana. The jury assessed punishment at ten years' imprisonment, which the court probated, and a $10,000 fine. We affirm the judgment.

Appellant, Juan Ybarra, and Manuel Rios were indicted for possession of between 50 and 200 pounds of marihuana. David Martinez and Javier Guerra, officers for the Willacy County Sheriff's Department, obtained a marihuana sample from a confidential informant. The informant told them that Juan Ybarra had given him the marihuana sample and that he could arrange a meeting with Ybarra. Working undercover, Officer Guerra and the informant met with Ybarra, who told them that he knew some people who had seventy (70) pounds of marihuana to sell. Ybarra told

the officer he did not have the marihuana with him and that he was just the sellers' middleman. They negotiated a price of $620 a pound. The appellant, Manuel Rios, and Ybarra were eventually arrested at the home of appellant's father on Tandy Road in Brownsville, Texas. Police searched the house and surrounding premises. With the assistance of trained dogs, they found 64.25 pounds of marihuana in plastic-wrapped "bricks." Police also found several scales with marihuana residue on them.

By his first point of error, appellant complains that the trial court erroneously instructed the jury that appellant could be convicted if he acted alone. The charge reads, in pertinent part, as follows:

Now if you find from the evidence beyond a reasonable doubt that Jose Guadalupe Rios, *either acting alone or as a party*, did then and there intentionally or knowingly possess a usable quantity of marihuana of more than fifty pounds but less than 200 pounds, then you will find the defendant guilty of aggravated possession of marihuana. (emphasis added).

Appellant objected to the words "acting alone," arguing that there was no evidence that he acted alone, only as a party. The jury found appellant guilty "as alleged in the indictment."

■ Generally, it is error for the trial court to charge the jury on a theory not alleged in the indictment nor supported by the evidence. *See Watson v. State*, 693 S.W.2d 938, 940 (Tex.Crim.App.1985). However, we do not find appellant's cited cases controlling in this instance. In *Savant v. State*, 544 S.W.2d 408 (Tex.Crim. App.1977), the Court of Criminal Appeals reversed a conviction for assault with a prohibited weapon. There the trial court charged that the jury would find appellant guilty under the law of parties if it found that appellant alone unlawfully carried a pistol and shot the victim in question. However, the evidence clearly showed that the appellant was not the one who carried the pistol and shot the victim. The appellant's partner did the cited acts, and the evidence showed that the appellant instead hit the victim with the butt of a shotgun.

■ Similarly, each of appellant's other cases involve fact patterns in which the conduct alleged and proven was different from the conduct charged and found by the jury. Here, we do not find that the State alleged and proved conduct that was wholly different from what was charged. We agree with the State that the charge language was necessary because the jury might have found that the two other defendants lacked the requisite intent for the crime.

■ While the State argued that the three men conspired to sell the substance, it actually charged appellant with aggravated *possession* of marihuana. The State had to show that appellant exercised care, control, and management over the substance and that appellant knew the substance was contraband. *Edwards v. State*, 807 S.W.2d 338, 339 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Officer Guerra negotiated the marihuana purchase with Ybarra, who stated that he was just a middleman "for the owners." At one point, Ybarra drove Officer Guerra and the confidential informant to El Globo Supermarket where, Ybarra said, "the *owner* of the marihuana" worked as a high ranking employee. All Ybarra's references to "the owner" at this point were in the singular. Ybarra spent about forty-five minutes inside El Globo. He, Guerra, and the informant then separated, agreeing to consummate the transaction later that afternoon.

Officers Guerra and Martinez then assembled backup assistance, and Guerra and the informant met Ybarra again. Although the parties had planned otherwise, a series of maneuvers enabled Ybarra to join Guerra in Guerra's own vehicle and to direct him, not to El Tejon Road, but to Tandy Road, where, contrary to Ybarra's previous information, "the owners" lived. Officer Guerra stated that when he arrived at the house on Tandy Road, appellant was the only one present. Appellant told Officer Guerra that he did not have the entire seventy pounds and that they had to wait for his brother, Manuel, to bring the rest. Guerra stated that appellant "was leading

me to believe that it [the marihuana] was not there." When Manuel Rios arrived, he walked through the house before producing a sample of marihuana. The jury could have believed that the marihuana was in the house at all times and that Manuel did not bring any with him.

Appellant testified that the house on Tandy Road belonged to his father. He explained that he and his wife had planned to go to an auction that day and then to Sam's to buy a new refrigerator. Appellant was going to sell his old refrigerator to his father, and he went to the house that afternoon to measure the area in the kitchen to see if the unit would fit. He stated that he just finished talking to the maid and was about to leave when Ybarra and Officer Guerra arrived. Appellant's brother was in the house watching football, and appellant claimed that the visitors asked for Manuel. Appellant went back into the house to call Manuel, and when they both went outside, the police arrived and arrested them.

■ The jury was free to disbelieve appellant's version of the events. While the evidence shows that appellant could not have acted alone in the drug sale, it supports a finding that appellant alone was guilty of possessing an aggravated amount of marihuana. Appellant admitted that he worked at El Globo on the day of the incident. He was at the house alone when the undercover officer arrived, and the entire sixty-four pounds was found throughout the house and in vehicles on the premises. The jury could have believed that only appellant intended to and did exercise care, control, and custody over the entire amount of the substance. Point one is overruled.

By point two, appellant claims that fundamental error was presented when the prosecutor questioned appellant's failure to call his co-defendants as defense witnesses. Appellant claimed that he was merely present at the house when the arrest occurred, and he was not involved with any drug transaction or with any drugs found on the premises. On cross-examination, the State's attorney questioned appellant at length on why appellant did not call his brother or Ybarra to confirm his story.

■ Generally, the State may properly comment on the defendant's failure to call competent and material witnesses. It may also argue that the reason for such failure is that any such testimony would be unfavorable to the accused. *Carrillo v. State*, 566 S.W.2d 902, 912–13 (Tex.Crim.App. 1978); *Jones v. State*, 715 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1986, no pet.). Defense counsel failed to object to the examination. The error has not been preserved for appeal. Tex.R.App.P. 52(a). Further, appellant's claim does not present fundamental error. The trial judge eventually stopped the prosecutor's examination and instructed the jury as follows:

Ladies and gentlemen of the jury[,] Ybarra and this man's brother have been charged with this offense. They both have attorneys. They do not have to take the witness stand as long as those charges are pending against them unless the State wants to grant them immunity and there has been no immunity granted, so do not expect either one of those folks to be witnesses in this trial because they have their own trial awaiting.

■ Appellant contends that the examination was improper because a defendant has no right to call a witness merely to force him to assert his Fifth Amendment privilege in the jury's presence. Texas courts in the past have held that it is not error for the prosecutor to comment on the defendant's failure to call a co-defendant as a witness. *Garza v. State*, 633 S.W.2d 508, 515 (Tex.Crim.App.1981) (Opinion on motion for rehearing); *Winkle v. State*, 506 S.W.2d 891, 896 (Tex.Crim.App.1974), cert. denied 419 U.S. 843, 95 S.Ct. 75, 42 L.Ed.2d 71 (1974). However, the most recent case law indicates that such a reference by the State is improper if the witness is shown to be unavailable through no fault of the defendant. *Albiar v. State*, 739 S.W.2d 360, 362–63 (Tex.Crim.App.1987); *Hendricks v. State*, 640 S.W.2d 932, 938 (Tex.Crim.App. 1982). The Court of Appeals in *Jones v. State*, 715 S.W.2d 778 (Tex.App.—Houston [14th Dist.] 1986, no pet.), held that the

State's reference to the defendant's failure to call a co-defendant was harmless when the record contained no evidence that the co-defendant would have asserted his Fifth Amendment privilege.

■ Each of the above cases, however, clearly acknowledged that error was preserved by objection. In this instance, defense counsel did not object, and the trial judge ended the State's examination himself. He then, in effect, instructed the jury to disregard. Such an instruction is sufficient to cure error, and the jury is presumed to comply with the instruction. *Rose v. State*, 752 S.W.2d 529, 554 (Tex. Crim.App.1987); *Elizondo v. State*, 665 S.W.2d 205, 208 (Tex.App.—San Antonio 1984, no pet.).

■ Appellant also complains of the prosecutor's further reference to this examination during his closing argument. He stated:

We can't call the defendant to testify, say Ybarra or the other individual. State can't call defendants. They would have come up here, if we ask them a question, "Are you involved in this?" They could easily say, "Well, I have the right to remain silent." Which is fine, but the right to remain silent applies only to them as defendants. It doesn't apply to them protecting somebody else if they know somebody else is involved, or the flip side of that, if they know that somebody else is not involved. And that's what we believe you should have heard here....

Again, counsel failed to object to the argument, and we find no authority to support appellant's contention that the examination and argument constituted fundamental error and deprived appellant of a fair trial. The prosecutor focused his argument on the police testimony and upon the unlikelihood of appellant's story. He devoted minimal time to the issue of the non-testifying co-defendants. Considering the State's argument as a whole, we cannot say the reference was fundamental error. *See Wilson v. State*, 819 S.W.2d 662, 664 (Tex.App.—Corpus Christi 1991, pet. ref'd.).

■ By point three, appellant contends that counsel's failure to object to the above-referenced interrogation constituted ineffective assistance of counsel. Upon review of claims of ineffective assistance, courts of appeal must presume that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Delrio v. State*, 840 S.W.2d 443, 447 n. 7 (Tex. Crim.App.1992). Moreover, the appellant must demonstrate on the record that but for counsel's failure to object, there is a reasonable probability that the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984); *Mooney v. State*, 817 S.W.2d 693, 697 (Tex.Crim.App.1991). Two police officers identified appellant at the scene of the arrest. He was there alone when the undercover officer arrived. Officer Guerra testified to appellant's participation in the sale of the marihuana. Some circumstantial evidence points to the probability that Ybarra planned the transaction with appellant, "the owner of the marihuana," at El Globo, thus indirectly confirming the allegation that appellant possessed the marihuana and was using Ybarra as a middleman to sell it. Point three is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.