TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00494-CR







Benny Ochoa, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0952479, HONORABLE MIKE LYNCH, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann.
§ 30.02(a), (c) (West 1994). The district court assessed punishment, enhanced by two previous
felony convictions, at imprisonment for thirty years.

 In a single point of error, appellant complains of a statement made by the
prosecutor during jury argument. The statement was:



 When we said to focus in on the eyewitnesses, there was one eyewitness
that was not subpoenaed, and I submit to you that the defense could have
subpoenaed Margaret Sanchez. Where was she today? If Benny Ochoa was
innocent of this crime, she would have been in here today telling you --


 MR. STORK [defense counsel]: Judge, I'm going to object to any testimony
that Mrs. Sanchez could have given that's outside the record.


 MS. KOCUREK [prosecutor]: Your Honor, I have the right to comment
on the witnesses they could have called.


 MR. STORK: They could have called her too, Judge.


 THE COURT: All right. Move on.


 MS. KOCUREK: But notice that Margaret Sanchez is not here, and she
could have come in here today.



 As a general rule, a prosecutor may comment on the defendant's failure to call an
available material witness. Montoya v. State, 744 S.W.2d 15, 36 (Tex. Crim. App. 1987). 
Appellant states, however, that Sanchez was under indictment for the same burglary and would
have invoked her Fifth Amendment privilege not to testify. Therefore, appellant concludes that
Sanchez was not an available witness and the prosecutor's comment was improper. See Hendricks
v. State, 640 S.W.2d 932, 937 (Tex. Crim. App. 1982) (prosecutor may not comment on failure
to call unavailable witness).

 Appellant's contention does not comport with his trial objection, which he did not
pursue to an adverse ruling in any event. Tex. R. App. P. 52(a). Moreover, while there is some
evidence that Sanchez was under indictment for the same offense, there is no evidence that
Sanchez would invoke her Fifth Amendment privilege if called to testify. Appellant assumes that
she would have done so, but in the absence of probative evidence that Sanchez would refuse to
testify there was no error in the prosecutor's comment. Carrillo v. State, 566 S.W.2d 902, 912-13 (Tex. Crim. App. 1978); Jones v. State, 715 S.W.2d 778, 780 (Tex. App.--Houston [14th
Dist.] 1986, no pet.). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: March 27, 1996

Do Not Publish 



ENTER>TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00494-CR







Benny Ochoa, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0952479, HONORABLE MIKE LYNCH, JUDGE PRESIDING






PER CURIAM


 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann.
§ 30.02(a), (c) (West 1994). The district court assessed punishment, enhanced by two previous
felony convictions, at imprisonment for thirty years.

 In a single point of error, appellant complains of a statement made by the
prosecutor during jury argument. The statement was:



 When we said to focus in on the eyewitnesses, there was one eyewitness
that was not subpoenaed, and I submit to you that the defense could have
subpoenaed Margaret Sanchez. Where was she today? If Benny Ochoa was
innocent of this crime, she would have been in here today telling you --


 MR. STORK [defense counsel]: Judge, I'm going to object to any testimony
that Mrs. Sanchez could have given that's outside the record.


 MS. KOCUREK [prosecutor]: Your Honor, I have the right to comment
on the witnesses they could have called.


 MR. STORK: They could have called her too, Judge.


 THE COURT: All right. Move on.


 MS. KOCUREK: But notice that Margaret Sanchez is not here, and she
could have come in here today.



 As a general rule, a prosecutor may comment on the defendant's failure to call an
available material witness. Montoya v. State, 744 S.W.2d 15, 36 (Tex. Crim. App. 1987). 
Appellant states, however, that Sanchez was under indictment for the same burglary and would
have invoked her Fifth Amendment privilege not to testify. Therefore, appellant concludes that
Sanchez was not an available witness and the prosecutor's comment was improper. See Hendricks
v. State, 640 S.W.2d 932, 937 (Tex. Crim. App. 1982) (prosecutor may not comment on failure
to call unavailable witness).

 Appellant's contention does not comport with his trial objection, which he did not
pursue to an adverse ruling in any event. Tex. R. App. P. 52(a). Moreover, while there is some
evidence that Sanchez was under indictment for the same offense, there is no evidence that
Sanchez would invoke her Fifth Amendment privilege if called to testify. Appellant assumes that
she would have done so, but in the absence of probative evidence that Sanchez would refuse to
testify there was no error in the prosecutor's comment. Carrillo v. State, 566 S.W.2d 902, 912-13 (Tex. Crim. App. 1978); Jones v. State, 715 S.W.2d 778, 780 (Tex. App.--Houston [14th
Dist.] 1986, no pet.). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd