In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-101 CR


____________________



OSCAR SANCHEZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 23,626






MEMORANDUM OPINION


 A jury convicted Oscar Sanchez of three counts of aggravated sexual assault of a child
younger than fourteen years of age. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp.
2005). The jury sentenced Sanchez to forty years' confinement in the Texas Department of
Criminal Justice, Institutional Division, for each count; the sentences were ordered to run
concurrently. Sanchez appeals, raising six points of error.

 Point of error one complains the trial court erred in denying Sanchez an opportunity
to present relevant testimony relating to his defense. The proffered testimony concerned the
amount of drinking done by the victim's parents and parties at their home which resulted in
drunken men spending the night. On appeal, counsel claims the evidence was relevant to
establish "the victim was in the presence of other men in her home that could have committed
the offense." The record clearly reflects identity was never an issue in the case at bar. The
victim was nine when she reported the abuse and Sanchez was her uncle by marriage. Three
witnesses, Gloria Perez, Donna Martinez, and Bonnie Cone, testified the victim had never
accused anyone other than Sanchez of assaulting her. In light of such testimony, we find the
trial court did not abuse its discretion. See Massey v. State, 933 S.W.2d 141, 154 (Tex. Crim.
App. 1996)(evidence is relevant if it tends to make the existence of any fact of consequence
more probable or less probable); Tex. R. Evid. 401.

 Appellate counsel's additional complaint regarding the trial court's comments to
defense counsel is without merit. The record is quite clear those comments were made
outside the jury's presence. Point of error one is overruled.

 Point of error two argues the State violated the Vienna Convention (1) by failing to
notify the Honduran Embassy or Consulate of Sanchez's criminal charges. Further, Sanchez
argues the trial court erred by never advising him of his right to have the Honduran Embassy
contacted under international law. We do not address the merits of this complaint because
Sanchez failed to preserve the issue for appeal. See Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App. 1999); Tex. R. App. P. 33.1. The record does not reflect Sanchez
complained of the violation until appeal; therefore nothing is preserved for our review. Id. 
Point of error two is overruled.

 Point of error three asserts the trial court erred in failing to provide Sanchez with an
interpreter. On motion by an accused found not to understand and speak English, the trial
court must provide an interpreter. Tex. Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp.
2005). However, an accused waives his right to complain about the lack of an interpreter
when he does not object or file a motion for an interpreter, unless the trial court is aware the
accused needs an interpreter. See Garcia v. State, 149 S.W.3d 135, 143 (Tex. Crim App.
2004), Baltierra v. State, 586 S.W.2d 553, 559 (Tex. Crim. App. 1979). The record does not
reflect an objection was made or a motion filed. Accordingly, the complaint was not
preserved unless the record reflects the trial court was aware Sanchez needed an interpreter
and failed to provide one.

 The record does not reflect Sanchez did not understand English. In fact, Sanchez 
spoke English to the trial court. The record shows that when Sanchez's plea was being
entered, someone raised her hand and the trial court commented on it. At that point, defense
counsel said, "she's probably offering to interpret, Judge, . . . ." The trial court stated, "Go
get Josefina." Ms. Villanueva was sworn in and again read the indictment to Sanchez. The
trial court proceeded to again take Sanchez's plea on all counts. 

 Appellate counsel claims the trial court became aware Sanchez needed a translator
during voir dire. The record reference provided indicates the State informed the panel there
would be witnesses that spoke Spanish as their first language and an interpreter might be
necessary. Appellate counsel then mischaracterizes this as voir dire by the State on
Sanchez's requirement for an interpreter. Appellate counsel again claims the issue was
initially raised in voir dire when the panel was informed Sanchez was initially from
Honduras, but had lived here many years. 

 Counsel fails to explain why the trial court should have assumed Sanchez did not
understand English simply because he was born in Honduras. Likewise, counsel does not
demonstrate a connection between the State's recognition that some of the witnesses might
require an interpreter to knowledge by the trial court that Sanchez needed one. The record
reflects that when the trial court became aware of a possible language difficulty, he provided
an interpreter, and again conducted the reading of the indictment and the taking of Sanchez's
plea. Unlike Garcia, the record in this case does not indicate any pretrial proceedings were
translated for Sanchez, and defense counsel did not assert Sanchez had a language difficulty
during voir dire. See Garcia v. State, 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). Rather,
when the trial judge became aware of the language problem, he fulfilled his independent duty
to implement Sanchez's right by providing an interpreter. Id. 

 Appellate counsel further complains that the trial court excused the interpreter prior
to closing argument. Counsel omits the fact that prior to doing so the trial court asked
defense counsel if he thought an interpreter was necessary, and he stated he did not. Defense
counsel said it "would be fine" for his wife to interpret for him. Accordingly, any error is
not preserved on appeal. See Castillo v. State, 807 S.W.2d 8, 9 (Tex. App.--Corpus Christi
1991, pet. ref'd); Tex. R. App. P. 33.1. For all these reasons, point of error three is overruled.

 Point of error four charges defense counsel with ineffective assistance for not
presenting any punishment evidence. We first note the State did not present any evidence
at punishment either. The only evidence appellate counsel suggests could have been
presented is the favorable testimony of Sanchez's wife or another family member. Mrs.
Sanchez testified in favor of her husband during the guilt-innocence phase. Nothing in the
record, or even appellant's brief, suggests there was another family member willing to testify
on Sanchez's behalf.

 We have no record on appeal explaining the reasons for defense counsel's decision not
to present evidence. Such a record is usually developed in a motion for new trial hearing or
on writ of habeas corpus. See Redmond v. State, 30 S.W.3d 692, 698-99 (Tex. App.--Beaumont 2000, pet. ref'd). Given the presumption of effectiveness and the great deference
we give to decisions made by defense counsel, we find the present record does not
affirmatively demonstrate counsel's performance was deficient. See Costilla v. State, 84
S.W.3d 361, 365 (Tex. App.--Beaumont 2002), aff'd, 146 S.W.3d 213 (Tex. Crim. App.
2004); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Point of error four
is overruled.

 Point of error five contends the State made improper arguments during closing
argument in the guilt-innocence phase. The first statement occurred when, referring to
Sanchez, the State said, "he's over here illegally." Defense counsel objected, noting there
was no testimony Sanchez was here illegally. The trial court sustained the objection, and the
State apologized and corrected the statement, saying, "There was testimony that he was not
a United States citizen." 

 To present a complaint on appeal the record must show the complaint was made to the
trial court by a timely request, objection, or motion and was sufficiently specific to make the
trial court aware of the grounds of the complaint, and that the trial court either ruled
adversely or refused to rule, despite objection. Tucker v. State, 990 S.W.2d 261, 262 (Tex.
Crim. App. 1999). If the objection is sustained, counsel must ask for an instruction to
disregard, and if that instruction is given, counsel must then move for a mistrial. Nethery v.
State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985). Error is not preserved if counsel does
not pursue the objection to an adverse ruling. See Tex. R. App. P. 33.1; Ramirez v. State, 815
S.W.2d 636, 643 (Tex. Crim. App. 1991). This complaint was not pursued to the level of an
adverse ruling; therefore, it was not preserved for our review. 

 The second statement complained of is when the State said, "In the defense's opening
he makes some -- he alludes to the fact, well, there's going to be some other people there that
could have done this. You didn't hear one thing about, there was some other man that
sexually assaulted her or anything like that." The record reflects no objection was made.

 To preserve any error from improper jury argument, a party must object to the
argument and pursue the objection to an adverse ruling, i.e., request an instruction for the
jury to disregard, and then move for a mistrial. Valencia v. State, 946 S.W.2d 81, 82 (Tex.
Crim. App. 1997); Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Cook v.
State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). An appellant cannot complain of
improper jury argument for the first time on appeal. See Cockrell, 933 S.W.2d at 89. 
Because no objection was made to the argument, error was not preserved. Point of error five
is overruled.

 Point of error six claims the State failed to prove jurisdiction because there is no
evidence the offense occurred in Angelina County. The record reflects Jason Burrous, a
patrol supervisor for the Diboll Police Department, testified the offense occurred at
Sanchez's residence on Avalon Street in the City of Diboll, in Angelina County, Texas. 
Point of error six is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________________

 CHARLES KREGER

 Justice


Submitted on March 31, 2005 

Opinion Delivered April 20, 2005

Do not publish 


Before McKeithen, C.J., Kreger, and Horton, JJ.

1. The Vienna Convention on Consular Relations grants a foreign national who has
been arrested or taken into custody a right to contact his consulate and also requires the
arresting authorities to inform the individual of this right "without delay." Maldonado v.
State, 998 S.W.2d 239, 246-47 (Tex. Crim. App. 1999) (citing Vienna Convention on
Consular Relations, April 24, 1963, art. 36(1)(b), 21 U.S.T. 77, 100-101, 595 U.N.T.S. 261,
292 (ratified by the United States on Nov. 24, 1969)).