Opinion filed July 2, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed July 2, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-07-00342-CV

                                                    __________

 

                                        IN
THE MATTER OF F.J.R.

 



 

                On
Appeal from the County Court at Law sitting as Juvenile Court

 

                                                         Midland
County, Texas

 

                                                     Trial
Court Cause No. 5619

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
jury found that F.J.R. engaged in delinquent conduct by committing the offense
of sexual assault.  The trial court committed appellant to the care and custody
of the Texas Youth Commission for an indeterminate period of time not to exceed
his twenty-first birthday.  We affirm.

The
record reflects that appellant filed a motion for the appointment of an
interpreter and that the motion was granted.  The record further reflects that
the same Acertified,
qualified, State-authorized  interpreter@
was present in the courtroom and assisted appellant throughout the proceedings
without objection.  








In
his sole issue on appeal, appellant contends that the trial court committed
reversible error because the interpreter was not given an oath until appellant
was sworn in as the final witness in the three-day trial.  The State argues
that appellant has failed to preserve his complaint for appellate review.  We
agree.

The
record before this court is silent as to the oath administered to the
interpreter.  During pretrial proceedings, the trial court described the
interpreter as a Acertified,
qualified, State-authorized  interpreter.@ 
The same interpreter served appellant throughout the trial court proceedings.  

Failure
to timely object results in failure to preserve a complaint for appellate review.  Tex. R. App. P. 33.  The waiver
applies to failure to object to an unsworn witness or an interpreter.  Beck
v. State, 719 S.W.2d 205, 213 (Tex. Crim. App. 1986); Castillo v. State,
807 S.W.2d 8 (Tex. App.CCorpus
Christi 1991, pet. ref=d);
Lara v. State, 761 S.W.2d 481 (Tex. App.CEastland
1988, no pet.).  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 2, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.